MᶜINTYRE
v.
WOODS.

———◄※◆———

MᶜINTYRE *against* WOODS, Sheriff, &c.

J. RUSSEL, for the defendant, moved to stay all the proceedings on the *fieri facias* in the above cause, until the second *Monday* of *November* next, or such time as the court might direct.

A judgment was obtained, at the last *August* term, against the defendant, at the suit of the plaintiff, for the escape of one *Stephen Rowan*, from the liberties of the

*Where an action is brought against a sheriff, for an escape, the court will stay execution on the judgment, to allow the sheriff time to bring his action on the bond taken for the liberties of the prison. What is a reasonable time for this purpose. The sheriff is not liable to pay interest during the time the proceedings are so stayed.*

gaol of *Washington* county, and who had been previously committed to the custody of the defendant on a *ca. sa.* The defendant had commenced a suit in *October*, 1807, against the bail taken by him as security for the said *Rowan's* remaining within the liberties; and obtained a verdict in the cause, which was, afterwards, set aside for irregularity.*

*See *ante*,p.135.

†33 *Sess.* c. 148.
s. 2.

The act passed the 28th *March*, 1809,† provides that all proceedings against sheriffs for the escape of prisoners, are to be stayed, for a reasonable time, to enable the sheriff to obtain judgment, and collect the amount due on the bond taken for the gaol liberties.

*Crary*, contra, contended, that this case did not come within the statute; and if it did, the sheriff had already been allowed sufficient time to recover against the bail, more than three years having elapsed since the escape. At any rate, if any further delay was granted, the plaintiff ought to be allowed interest on his debt against the defendant.

*Per Curiam.* Before the passing of the statute, we intimated, in the case of *Tillman* v. *Lansing*, (4 *Johns. Rep.* 45.) that we would stay the execution against the sheriff, to give him an opportunity to sue on the bond taken for the gaol liberties. The delay which has taken place does not appear to have been unreasonable. The rule ought, therefore, to be granted. The sheriff is not liable to pay interest to the plaintiff.

Rule granted.