NEW-YORK, M'y, 1817.

DOUGLASS v CLARK.

——◦∗◦——

## DOUGLASS *against* CLARK.

THIS was an action of debt on bond. The condition of the bond, as set forth in the oyer, was as follows :—" Whereas the said *Zebulon* (the plaintiff,) and *Levi Rice*, heretofore executed their bond to the United States, conditioned to pay the collector of the twentieth collection district of the state of New-York, the amount of duty payable by the said *Levi Rice*, by virtue of the act of congress of the United States, passed the 24th day of *July*, 1813, entitled *an act, laying duties on licenses to distillers of spirituous liquors*, on two certain stills of the said *Levi Rice*, situate in *Lenox*, as by the said bond may more fully appear : Now, therefore, if the said *Sylvester Clark*, above bounden, shall well and truly pay off and discharge the said bond, and hold the said *Zebulon* harmless and indemnified from the payment thereof, or any part thereof, and from all costs, damages, and charges, thence arising to the said *Zebulon*, then the above written obligation to be null and void, otherwise to be and remain in full force and virtue." The defendant pleaded, 1. *Non est factum.* 2. *Non damnificatus :* to which last plea there was a general demurrer, and joinder in demurrer.

The case was submitted to the court without argument.

When the condition of a bond recites another bond, by which the plaintiff, and one J S were bound to the United States for the payment of certain duties due from J. S., and then the condition is, that if the defendant shall well and truly pay off and discharge the said bond, and hold the plaintiff harmless and indemnified from the payment thereof, the obligation to be void : this is not to be considered as an undertaking to pay off the recited bond, but as a bond of indemnity only : and therefore a plea of *non damnificatus* in an action upon such bond, is good.

NEW-YORK,        *Per Curiam.* Whether this plea be good or not will depend
May. 1817.    upon what is to be deemed the true construction of this bond.
SHIPPEY     If the defendant is to be considered as undertaking to pay off
   v
HENDERSON.    and discharge the recited bond, the plea is bad; but if it be
considered a bond of indemnity, and to save the plaintiff harm-
less from all damages, by reason of the recited bond, the plea
is good. (1 *Saund.* 117. *n.* 1. 1 *Bos. and Pull.* 688.) We
are inclined to think the good sense and sound interpretation
of the bond is according to the latter construction, and that
the words, " pay off, and discharge" were thrown in, without
being understood to require the defendant actually to pay off
such bond.

This construction is much strengthened by the circumstance,
that it appears from the recited bond that the defendant was not
the person who was to pay the duties. They were due from *Rice,*
with whom the plaintiff was bound. We are accordingly of opi-
nion, that the defendant is entitled to judgment on the demurrer.

Judgment for the defendant.