DETERMINED IN THE

# Supreme Court of Judicature,

OF THE

# STATE OF NEW JERSEY,

## AT SEPTEMBER TERM, 1830.

---

*JOSEPH W. CAMP, Sheriff, *vs.* DANIEL K. ALLEN, JAMES [*1 KING, NESBIT TAYLOR and CORNELIUS I. WESTERVELT.

In an action of debt on bond conditioned to keep within the prison limits, a plea in bar admitting that the defendant had walked out of the limits, but alleging that the plaintiff, the sheriff, had sustained no damage thereby, is bad on demurrer.

If the condition of such a bond substantially conforms to the form prescribed by the statute, it is sufficient, though there may be a verbal difference.

If the breach assigned in the declaration is according to the sense and substance of the condition, it is sufficient.

It is not lawful for a defendant to avail himself of the same matters by way of special plea, and of notice under the general issue.

A notice of a motion to strike out a notice of special matter subjoined to a plea of the general issue, is in the nature of a demurrer.

A notice subjoined to the general issue, stating in substance, "that after the making of the bond on which the suit was brought, there was an agreement between Allen the debtor, and Clark the creditor, at whose suit he was

in confinement, by which Allen was to give Clark certain promissory notes and a small sum of money, and the latter was to satisfy all judgments in his name against the former, and to discharge him from imprisonment under the *capias ad satisfaciendum* mentioned in the bond, and to release him and his sureties from the bond; that in pursuance of the agreement, Allen did give to Clark the notes and the money, and that Clark afterwards, in fulfil-*2] ment of the agreement, discharged Allen *from his imprisonment under the said writ, and released him and his sureties from the said bond; and that by reason thereof, he walked out of, and departed the rules and bounds of the prison, which is the same supposed breach mentioned in the declaration," is sufficient to form a *prima facie* defence, and therefore will not be ordered to be stricken out.

The declaration is in the usual form on a bond for the prison limits, on arrest, by *Ca. Sa.* The defendants filed six pleas.

The third plea is in the following words. And the said defendants for a further plea in this behalf, by leave of the court here for that purpose, being first had and obtained as aforesaid, say that the said plaintiff his aforesaid action thereof against them, ought not to have or maintain, because they say that although true it is·that the said Daniel K. Allen did not keep within the bounds of the prison, limited and prescribed by the judges of the Inferior Court of Common Pleas, in and for the county of Essex aforesaid, until he was discharged by due course of law, but on the contrary walked out of, and departed the bounds of the said prison, so limited and prescribed by the judges of the Inferior Court of Common Pleas of the county of Essex aforesaid, not having been discharged from the same by due course of law, as the said plaintiff hath above in his said declaration alleged; nevertheless the said defendants, for plea in this behalf say, that the said plaintiff hath not at any time since the said Daniel K. Allen walked out of and departed the bounds of the said prison as aforesaid, sustained any damage or been obliged to pay any money in consequence thereof; and this the said defendants are ready to verify; wherefore they pray judgment if the said plaintiff his aforesaid action

Joseph W. Camp *v.* Allen and others.

thereof against them ought to have or maintain, &c. To this third plea, the plaintiff demurred and there was a joinder in demurrer.

The fourth plea is in the following words: And for a further plea in this behalf the said defendants, by leave of the court here for that purpose being first had and obtained as aforesaid, say that they ought not to be charged with the said debt by virtue of the said supposed writing obligatory, because they say, that after the making of a certain act of the legislature of this state, entitled "And act to regulate the practice of the courts of law," made and passed at Trenton, to wit, at Newark aforesaid, on the fourteenth day of February, in the year of our Lord one thousand seven hundred and ninety-nine, to wit, at *the said time of the [*3 making of the supposed writing obligatory aforesaid, to wit, at Newark aforesaid, the said Daniel K. Allen was arrested at the suit of one Daniel Clark, under color of the said writ of *capais ad satisfaciendum,* in said declaration mentioned, by the said plaintiff, who then and there was sheriff of the said county of Essex, and that the said plaintiff then being sheriff as aforesaid, of and upon that arrest, took the said supposed writing obligatory with the recital and condition, in the said plea first above pleaded, set forth as aforesaid, for ease and favor to the said Daniel K. Allen, of his imprisonment by the said plaintiff shewn, and to have and obtain his liberty to walk within the bounds of the prison of the said county of Essex, which said supposed writing obligatory, the said plaintiff then being sheriff as aforesaid, as such sheriff required and took by color and under pretence of the act of the legislature aforesaid; and so the said defendants say that the writing obligatory aforesaid here in court produced in form aforesaid, and for the cause aforesaid, as before mentioned, taken and made, by color and under pretence of the act of the legislature aforesaid, is void in law ; and this they are ready to verify. Wherefore they pray judgment if they ought to be charged with the said debt by virtue of the said supposed writing obligatory.

A replication to said fourth plea was filed in these words. And the said plaintiff as to the said plea of the said defendants by them fourthly above pleaded in bar, saith, that notwithstanding anything by the said defendants in that plea alleged, he, the said plaintiff, ought not to be barred from having and maintaining his aforesaid action thereof against them the said defendants, because protesting that the said plea and the matters therein contained in manner and form as the same are above pleaded and set forth, are insufficient in law, for replication in this behalf, the said plaintiff saith that being such sheriff of the county of Essex, as in the said plea is alleged, he arrested the said Daniel K. Allen, by virtue of the said *capais ad satisfaciendum* in the said plea named, and upon that arrest the said writing obligatory in said declaration mentioned, was given under the provisions of an act entitled, "An act to regulate the practice of the courts of law," passed the fourteenth day of February, A. D. 1799, that the said Daniel K. Allen should keep within *the bounds of the prison, limited and prescribed by the judges of the Inferior Court of Common Pleas, in and for the county of Essex, and not walk off or depart the same until discharged by due course of law, as in the said declaration is alleged, and not for ease and favor in manner and form as the said defendants have above in pleading alleged, for any or either of them ; and this he, the said plaintiff, prays may be enquired of by the country, &c.

To this replication the defendants demurred and there was a joinder in demurrer.

To the first plea of *non est factum*, the defendants subjoined the following notices of matters to be given in evidence.

Joseph W. Camp, Sheriff, &c.

Sir—Take notice, that the defendants will give in evidence upon the trial of the above cause, whenever the same shall take place, under the plea first above pleaded in this cause, that one Daniel Clark heretofore, to wit, in the term of

September, in the year of our Lord eighteen hundred and twenty-seven, in the Inferior Court of Common Pleas in and for the county of Essex, in this state, recovered a judgment against Daniel K. Allen, one of the above defendants, for eight hundred and forty-three dollars and sixty-seven cents damages and costs, and that afterwards, to wit, on the sixteenth day of October, in the year last aforesaid, at Newark aforesaid, a writ of *capais ad satisfaciendum,* was issued out of said Inferior Court of Common Pleas upon and by virtue of said judgment, tested the third Tuesday of September, in the year last aforesaid, directed to the sheriff of the said county of Essex, commanding him to take the said Daniel, if in his county he might be found, and him safely keep so that he had his body before the judges of the Inferior Court of Common Pleas to be holden at Newark, on the first Tuesday of January then next, to satisfy Daniel Clark of eight hundred and forty-three' dollars and sixty-seven cents, which the said Daniel Clark lately, in said court, recovered against him for his damages, which he had sustained as well on the occasion of the not performing certain promises and undertakings then lately made by the said Daniel K. Allen to the said Daniel Clark, as for his costs and charges by him about his suit in that behalf expended, *and that he should have then and there that writ; [*5 which said writ, being first indorsed according to law, was afterwards, to wit, on the said sixteenth day of October, in the year last aforesaid, at Newark aforesaid, delivered to the said Joseph W. Camp, the plaintiff in the action, he then being high sheriff of the said county of Essex to be executed.

And further take notice that the said defendants will give in evidence as aforesaid, that the said plaintiff, afterwards, to wit, on the twenty-third day of October, in the year last aforesaid, at Newark aforesaid, then still being such sheriff as aforesaid, under and by virtue of the said writ of *capias ad satisfaciendum,* directed and delivered to him as afore-

said, arrested and took into his custody the said Daniel K. Allen, and thereupon committed him to, and confined him within, the walls of the prison of the said county of Essex; and that he said Daniel K. Allen, with the said Nesbitt Taylor; James King and Cornelius I. Westervelt, as his sureties, to be released from his confinement within the walls of said prison, and to obtain his liberty to walk within the bounds and rules of the said prison, afterwards, to wit, on the day last aforesaid, in the year aforesaid, at Newark aforesaid, then and there made and gave to the said plaintiff, and the said plaintiff, for ease and favor to the said Daniel, of his imprisonment within the walls of the said prison as aforesaid shewn, then and there took and accepted the bond in question in this cause, and upon which the said plaintiff hath declared in this action.

And further take notice, that the said defendants will give in evidence, as aforesaid, that afterwards, and after the giving, making, taking and accepting, of the said bond as aforesaid, to wit, on the tenth day of November, in the year last aforesaid, at New York, to wit, at Newark aforesaid, by a certain agreement then and there made by and between the said Daniel Clark and the said Daniel K. Allen, it was then and there agreed that he the said Daniel K. Allen, in consideration of the premises, and for and in consideration of the covenants and agreements hereinafter mentioned to be done, peformed and fulfilled by the said Daniel Clark, should then and there make and give to the said Daniel Clark, his two promissory notes, one payable four months after the date thereof, to the said Daniel *6] *Clark, for two hundred dollars, and the other of the said notes payable six months after the date thereof, to the said Daniel Clark, for two hundred dollars; and that he the said Daniel K. Allen should also then and there procure and give to the said Daniel Clark, two other promissory notes to be made and signed by one William Dickey, one payable four months after the date thereof, to the said

Daniel Clark, for two hundred dollars, and the other of said notes payable six months after the date thereof, to the said Daniel Clark for two hundred dollars; and that he the said Daniel K. Allen, should also then and there pay to the said Daniel Clark the sum of seventy dollars; and that in consideration thereof, and that he the said Daniel Clark had then and there settled and compromised with the said Daniel K. Allen, all claims, dues and demands whatsoever, which he had against the said Daniel K. Allen, it was then and there further agreed by and between the said Daniel Clark and the said Daniel K. Allen, that he the said Daniel Clark, should and would, then and there, give up all obligations which he held against the said Daniel K. Allen, and also satisfy all judgments standing in his name against the said Daniel K. Allen, and discharge him from his imprisonment under the said writ of *capias ad satisfaciendum* issued by the said Daniel Clark out of the said inferior Court of Common Pleas upon the judgment obtained by him in the said court against the said Daniel K. Allen as aforesaid, and by virtue of which said writ, he, the said Daniel K. Allen, had been arrested and imprisoned by the said plaintiff as aforesaid, and should also release him and his said securities from the said bond given by them to the said plaintiff as aforesaid, and upon which the said plaintiff hath declared as aforesaid, and from all liability and responsibility by reason thereof.

And further take notice, that the said defendants will give in evidence as aforesaid, that afterwards, to wit, on the day last aforesaid, in the year last aforesaid, at New York, to wit at Newark aforesaid, he the said Daniel K. Allen, in pursuance and fulfilment of the aforesaid agreement on his part and behalf to be performed and fulfilled, made, and signed and procured to be made and signed, the four several promissory notes, and of the tenor and effect in the aforesaid agreement specified, and *did then and there give, tender and offer to give, to [*7

the said Daniel Clark, the four said several promissory notes, and did also then and there give, tender and offer to give to the said Daniel Clark, the said sum of seventy dollars, according to the tenor and stipulations of the said agreement, and that he, the said Daniel Clark, afterwards, to wit: on the day last aforesaid, in the year last aforesaid, at Newark aforesaid, in pursuance and fulfillment of the aforesaid agreement on his part and behalf to be performed and fulfilled, discharged the said Daniel K. Allen from his imprisonment, under the said writ of *capias ad satisfaciendum* as aforesaid, and released him and his said sureties from the said bond so made and given to the said plaintiff as aforesaid, and that by reason of the premises, he the said Daniel K. Allen, then and there became, and was entitled, to have the said judgment so obtained against him by the said Daniel Clark as aforesaid cancelled, and the said writ of *capias ad satisfaciendum* issued thereon against him as aforesaid, returned satisfied, and to be discharged from his imprisonment by virtue thereof; and that he, the said Daniel K. Allen, by reason of the premises, afterwards, to wit : on the day last aforesaid, in the year last aforesaid, at Newark aforesaid, walked out of and departed the rules and bounds of the said prison, as he lawfully might; and which is the same supposed breach of the said bond in the plaintiff's said declaration mentioned, and for which he hath declared against them as aforesaid ; and further, that he, the said plaintiff hath not at any time before the commencement of this suit sustained any damage or been obliged to pay any money in consequence thereof, and that by reason of all the said premises, the said defendants were and are wholly released, exonerated, acquitted and discharged, from all liability or responsibility for or on account of the said bond so given by them to the said plaintiff as aforesaid, and upon which he hath declared against them as aforesaid.

The questions submitted for the consideration of the court were, the demurrers to the third plea, and to the replication to the fourth plea, and the motion to strike out the notices subjoined to the first plea.

*W. Pennington,* for the plaintiff.

This action is brought on a limit bond in the name of the *sheriff, and the defendants by their third plea have [*8 pleaded *non damnificatus.* This plea admits the breach of the condition of the bond as assigned in the declaration, that Allen did not keep within the prison bounds, but alleges that the plaintiff has not sustained any damage, or been obliged to pay any money. It affirms the doctrine that the sheriff must pay off the plaintiff in execution before he can entitle himself to an action on a bond for the limits. It is not optional with the sheriff to take this bond or not; the statute, *Rev. Laws* 426, makes it his duty. It would be an oppressive rule that first obliged a sheriff to take this bond; and when openly and plainly violated, obliged him to put his hand in his pocket and take his own estate to pay the plaintiff, before prosecuting the bond. If the sum was large it might be impossible to do it. In the case of *M'Intyre* v. *Wood,* 5 *Johns. Rep.* 357; proceedings on a fi. fa. after judgment obtained against a sheriff for an escape, were stayed until the sheriff should collect the money on the limit bond, although the suit on the bond had then been pending three years.

This plea of *non damnificatus,* only applies to bonds of *indemnity;* this is a bond to keep the limits, and when they are broken the bond is forfeited.

*Woods* v. *Rowan,* 5 *Johns. Rep.* 42, is expressly in point. *Douglass* v. *Brentz,* 14 *Johns. Rep.* 1771; *Saunders* 117, *note* 1, latter part of note.

The action on this bond comes in place of the sheriff's right of recaption. A prisoner escaping from prison has no

right to say to the sheriff when about to retake him, you have not been damnified. The cause of action in this case is complete upon proving the bond and escape. *Kip* v. *Brigham,* 7 *Johns. Rep.* 171. Opinion of Chief Justice KENT. It is enough that the sheriff may be called on and is exposed to a suit for the money. 1 *Saunders* 116.

I consider this question as entirely settled by our statutes. *Rev. Laws* 651. The fifth section of the act to repeal the several insolvent laws, &c., provides what shall be deemed a forfeiture of this bond, and that the *sheriff* or the plaintiff, in case such bond had been assigned, may maintain the action. And that notwithstanding the prisoner before such suit brought, may have returned to the limits. This in express terms authorizes:

*9] *2. The 4th plea is for ease and favor, alleging that the bond was so taken. There is a replication traversing the ease and favor.

This plea is defective, and if so, the whole of the subsequent pleadings are unnecessary, and judgment must be for the plaintiff.

The plea admits that Allen was a prisoner, as alleged in the declaration; that it was after the statute entitling the defendant upon giving bond to have the limits; that the bond was given to obtain his liberty to walk within the prison limits; and then calls it a bond for ease and favor. The plea does not allege any *unlawful* act in the sheriff. It does not say that he by color of his office took and extorted from the defendant, *contrary* to the form of the statute, the said writing obligatory. So far from shewing that this bond was unlawful, or taken contrary to law, or for an unlawful purpose, it shews that the bond was taken for a lawful purpose, namely, to permit the defendant to walk within the prison limits.

The pleas for ease and favor are founded on 23 *Hen.* 6 *Chap.* 9; and our statute corresponding to that statute, is

in *Rev. Laws* 239, *sec.* 13, which applies to bail bonds for defendant's appearance, and I doubt its application in New Jersey to any other case.

This plea can never be good when the bond is stated in the plea to have been taken *according to law.* It must be shewn by the plea to have been taken contrary to law, and it must be distinctly stated *wherein* the bond was taken contrary to the statute. See precedents 5 *Wentworth's plead.* 479–481, *and the notes.* Case there cited, 2 *Wilson* 352. The plea last cited from Wentworth closes thus, " which said writing, the said H. B., by color of his office, took and extorted from the said defendant *contrary* to the form of that statute therefore," &c., and in the note, even this plea is said to be bad, because by the plea itself the bond is shewn to have been good at the time of giving it. 2 *Chitty's pleading* 478. This precedent is confirmatory of the principle I contend for; it states the bail bond to have been executed and taken by the sheriff after the return day of the writ, but to have been antedated, and therefore was contrary to the statute and for ease and favor. *Love* v. *Palmer*, 7 *John.* 159, is cited to shew what is a bond for ease and favor within the statute of 23 *Hen.* 6.

*If we had no statute authorizing the sheriff to take [*10 this bond, and he should of his own mere motion have taken this bond, it would have been contrary to law and for ease and favor. But how can the defendant shew by his plea the statute, under which the bond is taken, state it to have been taken according to such statute, and then aver it to have been for ease and favor?

It may be insisted that the statute, *Rev. Laws* 426, only authorizes the sheriff to take a bond, that the defendant " will keep within the bounds of the prison limits, &c.," whereas the other words are added, " and not walk off or depart the same."

There are cases in the New York reports which say, that you cannot take a bond with other and further conditions

than the act warrants; but if the words added do not vary the sense; if they mean the same thing; any addition of words will not vitiate the bond. In one case a bond was held void because the sheriff put in the condition not only that the defendant should keep the limits, but should consent to being locked up at his request. I state the case from memory. This was unauthorized and taking a latitude no officer should be justified in.

In the present case it is insisted that the operation of the words in the condition are the same and within the act, to wit, the keeping of the limits.

Should the plea, however, be deemed good, the replication is good. The only point in the plea is, that the bond was taken for ease and favor. The reply is, that the bond was taken by virtue of a certain statute and not for ease and favor. The issue is tendered upon the ease and favor, the only matter in issue between us.

3. The notice subjoined to the pleas should be struck out. The notice insists that the bond was accepted and given for ease and favor, and that the sheriff has not been damnified, embracing the same matters in the two pleas just considered. You cannot give notice of the same matters specially pleaded. The whole notice insists upon an alleged agreement between the plaintiff in the original action and the defendant to settle, never executed by the parties, but a tender on the part of the defendant to fulfil on his part, all subsequent to the giving of the bond and the sheriff no party to the negotiation. Suppose a suit against the sheriff *11] for an escape, how is he to defend *himself on this state of facts. The judgment unsatisfied, the execution and the escape are sufficient evidence; is he to depend upon the uncertainty of proving this sort of agreement between the parties?

4. The defendant should have moved the court to cancel the judgment and thus prevent any action for an escape against the sheriff.

5. At best it is all *in fieri* between the parties, a disputed settlement, resting in parol and cannot invalidate so solemn an instrument as a bond with a special condition.

6. There could be no safety for the sheriff if this notice is good; a public officer is entitled to every just and legal protection of the court.

*E. Vanarsdale, jun.* for defendants.

The defendants among other things pleaded thirdly *non damnificatus.*

To this plea the plaintiff demurs and the defendants join, &c.

Fourthly, That the bond was taken for ease and favor, &c.

To this plea the plaintiff replies and the defendants demur to the replication, and plaintiff joins in demurrer.

To the 1st plea (*Non est factum*) the defendants have subjoined a notice of matters to be given in evidence which the plaintiff moves to strike out.

The demurrer to the 3d plea and to the replication to the 4th plea and the motion to strike out the notice, are the questions for the consideration of the court.

The first question,

Is the plea of *non damnificatus,* a good plea.

The bond in this case is for the indemnity of the sheriff only. 2 *John. Cas.* 208.

In bonds for the performance of covenants and for indemnity, the penalty is not recovered; courts of law are invested with an equitable jurisdiction on the subject, and the true question is now a question of damages. *Quantum damnificatus* is the *true point* in issue in all such cases, and *non damnificatus* must be a good plea to all indemnifying bonds. Therefore an *actual* damnification, not a prospective one, must be the ground of his action and the measure of his damages. 10 *John. R.* 573. There *was no suit pend- [*12 ing against the sheriff at the time this action was commenced, nor has he yet been sued for the escape.

Joseph W. Camp *v.* Allen and others.

Suppose the plaintiff should never take advantage of this escape, the sheriff ought not to do it. 4 *John. R.* 49. The sheriff's being liable for the escape is not sufficient. 7 *John. R.* 358. Take the case of a surety in a money bond—even if he take up the first bond and give another, he cannot recover of the original debtor until he has actually paid the money. If it be said that although the sheriff might be insolvent and could not pay the money after he recovered it upon the bond, yet his sureties are liable, my answer is, you must first recover against the sheriff. The bond is for the sheriff's indemnity only. 6 *John. R.* 159. If it be said it would be a hardship upon the sheriff to compel him to wait until the plaintiff in the execution had recovered against him, that in the mean time his sureties might become insolvent, &c. 10 *John.* 574. It is one which the law imposes, and the legislature of New York viewing it in that light, have provided for staying the suit against the sheriff for a reasonable time, to enable him to recover, &c. But in New Jersey we have no such act, and the recovery in New York is by force of their statute and the amount recoverable is also declared by it to be the amount due in the original action for which execution issued.

2d Question. Is the plea of ease and favor a good plea? *Rev. Laws,* 426, *s.* 100, declares that every prisoner in any civil action giving bond to the sheriff, with sufficient sureties, being freeholders and residents in the county, in double the sum for which he is committed, " *That he will keep within the said bounds,*" shall have liberty to walk therein. All the sheriff had a right to require under the act, was a bond, " That the defendant would keep within the bounds of the prison," and nothing more. But he has added another condition, to wit, " and not walk out or depart the same until he be discharged by due course of law." This last condition is not required by the act. It is an excess of authority to require it in the sheriff, a hardship upon the prisoner, and vitiates the bond.

This bond has been in the present case drawn after the limit bond in New York, where both clauses of the condition are required by their act. 1 *Rev. Laws of New York* 429, *s.* 6. Now, *if there be any other condition expressed [*13 in the bond than what the statute requires, or the bond be single or with an impossible condition, the bond is void. 2*d Term R.* 569 ; 2 *Saun. R.* 60–3. A bond to the sheriff for ease and favor under color of his office, and in other form than that prescribed by the statute, is void. 7 *John. R.* 139, 319. If a bond, taken under color of an act, contains a condition which is not authorized by the act, it is void. 1 *Penn. R.* 118, *ib.* 500. A bond taken by the sheriff for the *jail liberties* with condition larger than required by the act, held void. 19 *John. R.* 233. Suppose the plaintiff had settled with the prisoner and discharged him, and in consequence thereof he walked off the limits. Is not that walking out of the bounds, without being discharged by due course of law ? And can he leave the limits in any case without breaking his bond, without the order of the court, and if he does, if the plea of *non damnificatus* is not a good plea, although the prisoner may have settled with the plaintiff in execution, yet the sheriff will be allowed to recover at law the whole amount of the original judgment.

Should the replication be a sufficient answer to the plea, the declaration sets out the condition of the bond, and the question would arise as to the validity of the bond upon the declaration. It being a rule that on a demurrer in pleading, judgment must be against him who commits the first error, &c. *Dunl. Prac.* 514; 11 *John. R.* 452, *ib.* 193.

Is not the declaration defective for want of an averment that the prisoner departed the limits without the consent, &c., of the sheriff, or of the plaintiff in execution ? 4 *Conn. Rep.* 293.

Thirdly. The motion to strike out defendants' notice.

If the matter contained in the notice is such as if pleaded would be a bar to the suit, then the notice must stand. *Rev. Laws* 403, *sec.* 2.

The notice need not be so precise and particular as a special plea. It is sufficient if it contain such a statement of the special matter as to prevent the plaintiff being taken by surprise. 20 *John. R.* 746..

It is settled that a previous consent of the creditor, that the debtor may go off the liberties, will excuse the escape and discharge the judgment. 16 *John R.* 183, *ib.* 52.

See the form of a plea that prisoner was discharged with *14] plaintiff's *consent. 3 *Chit. Pl.* 485. You may either plead the matter specially, or give it in evidence under the general issue. *Dunl. Prac.* 447 ; *Salk.* 344, *p.* 2.

EWING, C. J. The demurrer to the third plea is in my opinion well taken. The defendants admit in express terms a breach of the condition of the bond. They say that Allen did not keep within the bounds of the prison until discharged by due course of law, and on the contrary, walked out of the same, but for plea and as a bar to the action, they allege that the plaintiff, the sheriff, has not since sustained any damage, nor been obliged to pay any money in consequence thereof. Now the stipulations of the bond are, that Allen shall well and truly keep within the bounds of the prison, and not walk off or depart the same until discharged by due course of law. And when the obligor does what he has promised not to do, or omits what he has engaged to perform, the bond is forfeited and a right of action accrues to the obligee. The allegation that the plaintiff has not since sustained any damage, or been obliged to pay any money, can form no bar to the right of action which resulted from the forfeiture of the bond. The defendants improperly seek to make the right of action depend on conditions not contained in the statute or the bond.

The objection to this plea is farther sustained by the language of the act of the legislature under which the bond was taken ; " and if he walk out of the said bounds, the said bond shall be forfeited." *Rev. Laws* 426, *sec.* 100 ; and by

Joseph W. Camp *v.* Allen and others.

the provisions of a subsequent act, *Rev. Laws* 651, *sec.* 5, which declares the voluntary and intentional walking or going out of or beyond the prison limits, to be an absolute forfeiture of the bond, and authorizes the sheriff to whom the bond was given, or the plaintiff at whose suit the prisoner may be in custody, on assignment of the bond, to maintain an action, notwithstanding the prisoner may have returned within the limits before the commencement of such action. The right of action of the sheriff, as well as of the plaintiff, is here directly recognized; and the necessity of damages as insisted on by the plea, in order to maintain the action, is clearly repelled.

The argument drawn by the defendants' counsel, from the use of the plea of *non damnificatus*, in cases of general bonds to *indemnify or save harmless, appears to me [*15 inapplicable. The present is not technically a bond to indemnify. Where the condition of the bond is to save harmless the obligee, the obligor may well plead that he is safe and has sustained no damage; for if so, there is no breach of the condition, and the bond is not forfeited. But here, if Allen has walked out of the bounds of the prison, there is a forfeiture, and an action may be maintained by either the sheriff, or the plaintiff at whose suit he was in custody. The amount, in either case recoverable, is not now properly the subject of consideration. In the case of *Howard* v. *Blackford, Penn.* 777, Justice PENNINGTON said, " It appears to me that we cannot consider our act as merely providing an indemnity to the sheriff but as furnishing a remedy to the plaintiff." And speaking of an escape, and the remedy for it, at common law, C. J. KIRKPATRICK said, " It was not necessary that there should have been an actual recovery against the sheriff, to entitle him to his action against the defendant. His action was grounded upon his liability and therefore he might pursue it as well before as after a recovery against himself."

We are referred by the counsel on both sides to the decisions in the courts of New York, on bonds of this nature. They are, however, to be regarded with caution, on account of the numerous and peculiar regulations to which these bonds are subjected by the statutes of that state. Among other things it was there enacted that such bonds are to be for the indemnity of the sheriffs only. Yet in *Woods* v. *Rowan & Coon*, 5 *John.* 42, on demurrer to a plea of *non damnifcatus* in an action on a bond for the limits, it was held that the plea could not be supported. And in *M'Intyre* v. *Woods*, 5 *John.* 357, the court stayed an execution against the sheriff on a judgment for an escape, to give him an opportunity to collect the money on the bond taken for the jail liberties, which by statute the court was authorized to do, and which they intimated they had power to do prior to the statute. Neither the court nor the legislature then, appear to have deemed a payment of the money by the sheriff, a preliminary, either in law or policy, to his recovery on the bond.

The counsel of the defendants urges that the sheriff ought not to be allowed to take advantage of the escape, as the plaintiff may not think proper to do so ; and that if the *16] plaintiff should *proceed against the person or property of the defendant instead of against the sheriff, a recovery on the bond would be to the latter a source of profit. In such way I think no evil need be feared, as the suit and execution of the sheriff will be at all times under the control of the court, who will see that neither is perverted to an unjust purpose. More serious hardship would be imposed on the sheriff by withholding him from an action on the bond until the plaintiff thought fit to sue him for an escape, in which time, the security though originally good, might often times become entirely worthless. The mode proposed in argument for the protection of the sheriff, in case of delay on the part of the plaintiff, by the tender to the latter of an assignment of the bond cannot be supported.

The fourth plea is, that the bond was required and taken by the sheriff, by color and under pretence of the act of the legislature, for ease and favor to the said Daniel K. Allen, of his imprisonment by the sheriff shewn, and to have and obtain his liberty to walk within the bounds of the prison.

The principal question here to be examined is whether the condition of the bond is conformable to the act; such condition as the sheriff was thereby authorized and required to take; for if so, that it was done by color and under pretence of the act, may help, but not vitiate it. The ease and favor shewn to the defendant and the liberty given to walk within the bounds of the prison, if done in the manner prescribed by law, were not reprehensible.

The bond is conformable to the statute, if substantially though not verbally the same. The rule has been so settled since *Beaufage's case,* 10 *Co.* 99. If there is a verbal difference from the form prescribed by the statute, but none in substance and effect, the bond is good. The form to be strictly pursued is not what *Lord Coke* calls "*forma verbalis,*" which stands on the letters and syllables of the act, but the "*forma legalis,*" which according to him "is the *forma essentialis,* and stands upon the substance of the thing to be done and upon the sense of the statute." This test of conformity is recognized in *Nottingham* v. *Giles, Penn.* 120; in *Middleton* v. *M'Cormick, Penn.* 500; and in *Sullivan* v. *Alexander,* 19 *John.* 233.

The condition directed by the statute is, "that he will keep *within the said bounds." In the present bond, [*17 it is said, that he will keep within the bounds of the prison, and not walk off or depart the same, unless he be discharged by due course of law." Now if these latter words be a substantial variance, or contain any new or additional stipulation not in substance comprised in the words of the statute, the bond is wrong. But the statute says, "and if he walk out of the said bounds, the said bond shall be forfeited." Hence it appears that to say in the 'bond he shall not walk

off the same,' is to add nothing to what, the act itself shews, is meant by and comprehended within the words of the condition for which it provides. If he "keep within the bounds" he will not "depart the same." If he depart, he will not keep within. If he do not keep within he will depart. The statute prescribes no time that he shall keep within the bounds. "Until discharged by due course of law," must, without doubt, be taken to be, the time intended by the legislature. Hence I can discern no difference "in substance and effect," between what is prescribed and what has actually been done.

The defendants' counsel, correctly stating the rule that upon demurrer to pleadings, judgment is to be given against the party who commits the first error, questions the declaration for want of an averment that the prisoner departed the limits without the consent of the sheriff, or of the plaintiff in the execution. The breach is assigned according to the sense and substance of the condition, and is therefore sufficient. 1 *Chit. pl.* 326; *Smith* v. *Jansen*, 8 *John.* 114. In *Rositer* v. *Downes*, 4 *Conn. Rep.* 293, cited by the counsel of the defendants, there is an averment that the prisoner unlawfully departed without the knowledge or consent of the plaintiff or the creditor; but the case did not directly or indirectly turn on the averment; nor is there any thing in the opinion delivered to shew that the court deemed such averment requisite or indispensable.

Upon each of the demurrers in this cause, judgment should, in my opinion, be rendered for the plaintiff.

The motion to strike out certain notices subjoined to the plea of the general issue remains to be considered.

By one of the notices, the defendants propose to give in evidence that the plaintiff hath not sustained any damage or been obliged to pay any money, as is mentioned in the *18] third plea; and *by another notice that the bond was given for ease and favor, as in the fourth plea. It is not lawful for a defendant to avail himself of the same matters

by way of special plea and of notice under the general issue. If he attempts to do so, he will be required to make his election, by which he will abide. These points have been repeatedly ruled. *State Bank* v. *Chetwood,* 3 *Halst.* 24; *Brocaw* v. *Marlat; ibid.* 89. But as we hold the pleas to be insufficient, the election would be of no avail and the notices should be struck out.

The other notice which the plaintiff has moved to strike out is, in substance, that after the bond was made on which this suit was brought, an agreement was made between Allen and Clark, the creditor, at whose suit he was in confinement, by which Allen was to give Clark certain promissory notes, and a small sum of money, and the latter was to satisfy all judgments in his name against the former, and to discharge him from imprisonment under the *capias ad satisfaciendum* mentioned in the bond, and to release him and his sureties from the bond; that in pursuance of the agreement Allen did give to Clark the notes and the money; and that Clark afterwards in fulfillment of the agreement, discharged Allen from his imprisonment under the said writ and released him and his sureties from the said bond; and that by reason thereof he walked out of and departed the rules and bounds of the prison; and which is the same supposed breach mentioned in the declaration. The notice is much in detail and has mingled with the matters thus stated, sundry others falling far below them in legal operation and effect. As to these, it may be said, *utile per inutile non vitiatur.* What is just mentioned, all of which is expressly stated in the notice, seems to me to form a *prima facie* defence against this action. Whether true and susceptible of proof, or how effectively it may be encountered and repelled by other proof, we are not now to consider. The notice to strike out is in the nature of a demurrer. In *Sweet* v. *Palmer,* 16 *John.* 181, the defendants gave in evidence under a notice, a certificate from the creditor that he had agreed to let the defendant go at large from the limits

of the jail. The court said, "a previous consent of the creditor that the debtor may go off the liberties, will excuse the escape and discharge the judgment." *Powers* v. *Wilson*, 7 *Cowen* 276; *Poucher* v. *Holley*, 3 *Wendell* 184.

*19] The plaintiff's counsel insists that this notice only sets up an agreement between the parties to settle, never executed, and but a tender of the defendant to fulfill on his part; all in fieri; a disputed settlement. If such be the extent of the evidence we may anticipate a failure of the defence. But such is not the representation of the defendants in this notice. They say indeed that Allen did tender and offer, but they say further that he did give the notes and money to Clark; they say indeed that Clark agreed to discharge Allen from imprisonment, but they say further that he did discharge him and released him and his sureties from the bond.

The plaintiff's counsel ask how is the sheriff to defend himself on this state of facts if sued for an escape. If the proof of these facts is not within his reach, and he thinks his safety requires it, he may stay the present action until sued for an escape, and then give notice to Allen and his sureties, and call on them to defend. If judgment is rendered in his favor, he is safe. If against him, the record of the judgment will furnish very material evidence on the trial of this action. *Kip* v. *Brigham*, 6 *John.* 158; *Ibid* 7 *John.* 168. The motion to strike out the last mentioned notice ought not in my opinion to prevail.

DRAKE, J. This action is brought by the sheriff of Essex, against Allen and his sureties, upon a bond for the prison limits. The sheriff has not paid the money, nor even been prosecuted for it; and the defendants plead *non damnificatus*. To which plea there is a demurrer.

The defendants insist that this is a mere indemnifying bond, and that the sheriff must have paid the money, or have been otherwise subjected to damage, before he can recover.

In support of this position, several authorities are cited from the New York reports, beginning with that contained in 2 *John. Ca.* 208 ; which was a case of a prisoner walking off the limits, and returning immediately, and before suit brought. The court say that the sheriff " has not been, and *cannot be damnified,* by the alleged escape," and of course he ought not to recover. Most of the other cases cited are of the same description, in which the sheriff not merely had *not yet sustained* actual loss, but where the circumstances would effectually shield him from any recovery on *the [*20 part of the plaintiff in execution. The doctrine of those cases is recognized by the majority of our own Supreme Court in the case of *Howard & Fitch* v. *Blackford and others,* 2 *Penn.* 788. Yet that case fully sustains the pretensions of the plaintiff in this, that is to say, that *actual* damage is not necessary to be suffered in order to sustain this action ; that *liability* to it is sufficient. In 10 *John.* 573, it is said that " the condition is undoubtedly broken when a prisoner voluntarily and advisedly goes beyond the limits." To the same effect are 5 *John.* 42 and 14 *John.* 177. And the legislature of New Jersey have provided, by statute, that if the prisoner voluntarily walk over the limits, although he may return before suit brought, his bond shall be forfeited, and the sheriff, or his assignee, may recover. I am therefore of opinion that the demurrer is well taken to this plea.

The next question arises under the fourth plea, which alleges that the bond was taken by the sheriff under color of the act, and for ease and favor of the prisoner, and that it is void in law.

It is no doubt a general rule, that if an officer, taking advantage of the situation of a prisoner, under color of official authority, extort a bond, either wholly unprovided for by law, or with conditions not authorized, and especially if those conditions are more disadvantageous to the prisoner than the legal ones would be, it is void. 1 *Penn.* 118, 500 ; 2 *Term Rep.* 569 ; 7 *John.* 159. But, " a mere verbal

difference, or departure from the provisions of the statute, will not render a bond to the sheriff void." When there is a substantial difference it is otherwise. Now, the condition prescribed by the statute is, that the defendant "shall keep within the bounds of the prison, &c." Whereas, in the bond it is added, "and not walk off or depart from the same until he be discharged by due course of law." The first part of this addition merely reiterates the idea expressed in the act. *To keep within the limits,* and *to not walk off or depart from them,* are expressions presenting the same idea. And the latter part of the addition, *"until discharged by due course of law,"* adds nothing to the obligation. It merely qualifies it; and, in a particular, too, in which the law would interpose, and give the same construction to the condition if it were not expressed in words. *Shall keep within the limits* could never be construed by any *court to mean perpetual imprisonment. I think this plea cannot be maintained.

And lastly, it is alleged by the notice attached to the plea, that a compromise took place between the plaintiff in execution and the debtor, and that the plaintiff agreed to accept from the debtor a certain sum of money, and certain promissory notes, in full satisfaction of the judgment and execution; that the said notes and money were offered and tendered to him accordingly; and that the plaintiff, in fulfillment of said agreement on his part, "discharged the said Daniel K. Allen from his imprisonment under the said writ of *capias ad satisfaciendum* as aforesaid, and released him and his said sureties from the said bond so made and given to the said plaintiff as aforesaid."

If the matter contained in this notice would be sufficient to protect the sheriff from the plaintiff's claim against him for an escape, it is sufficient to defend the debtor and his sureties in this action; for there can be no propriety in suffering the sheriff to recover unless he must account over; and the law would not oblige him to account over to a

creditor with whom the debtor had already made accord and satisfaction for his debt; or who had, for any reason, regularly discharged him from execution. The notice sets up a release of the bond by the creditor, but as it was not made, or assigned to him, I do not see how this could be done, so as in itself, that is, by the mere force of the release, to operate a discharge of the bond. And the circumstances set out are very inconclusive. They do not disclose a case of satisfaction, but merely suggest a parol agreement, and an offer to perform, without acceptance on the other part. But the notice adds, that the creditor *actually discharged Allen from his imprisonment.* It does not say that the judgment was cancelled or the execution discharged. But it certainly amounts to this, that Allen had the *permission* of the plaintiff to leave the limits, and went off accordingly. Now, although I could have wished that this matter had been stated more distinctly, especially as the sheriff may want to use it for his defence; yet I do not feel at liberty to treat it as so totally insufficient as to justify an order to strike it out.

Justice FORD, concurred.

*22] *Judgment for plaintiff on the demurrers, and first notice ordered to be striken out. Motion to strike out the second notice overruled.