McDonald *v.* Edgerton.

---

---

SAME TERM. *Before the same Justices:*

· McDONALD *vs.* EDGERTON.

Where there is a conflict of evidence, upon a trial in a justice's court, the verdict of the jury, so far as questions of fact are concerned, is conclusive, and cannot be reviewed, on writ of error, however much the verdict may be against the weight of evidence.

And where the facts which the evidence upon one side tends to establish would entitle the party to a judgment, if found in his favor, the judgment is conclusive, however clearly the jury may have found against the weight of the evidence.

Purchasing liquor, at an inn, is sufficient to constitute the purchaser a guest.

If a person, after becoming a guest at an inn, goes away for a brief period, leaving his property, intending to return, he is to be considered as still continuing a guest; and if his property is lost during his absence, the inn-keeper is liable.

It is not necessary that goods should be placed in the special keeping of an inn-keeper in order to make him liable in case of loss. If the owner is a guest, and his goods are within the inn, that is sufficient to charge the inn-keeper.

ERROR to the Delaware common pleas. McDonald sued Edgerton in a justice's court to recover the value of an over-coat. The defendant was an inn-keeper at Delhi, Delaware county, and the plaintiff proved by John Follett, that in 1844, he stopped at defendant's inn on general training day, about seven o'clock in the morning; soon after the plaintiff came and took off his over-coat; that the plaintiff gave the over-coat to the bar-keeper; that the plaintiff treated the witness and four others

at the bar, and paid for the liquor.   The witness knew nothing more about the over-coat; he heard the plaintiff say that evening that he had lost it.   On his cross-examination the witness said he thought the plaintiff gave his over-coat to the bar-keeper, Mr. Woodworth.   The defendant's counsel then pointed out Mr. Woodworth to the witness and asked him if Woodworth was the man the plaintiff gave his over-coat to?   The witness replied "he could not be positive, but thought he was; it was his impression that Woodworth was the man the plaintiff gave his over-coat to."   The plaintiff then called William W. Woodworth, who testified that he was Edgerton's bar keeper at the time in question; that the plaintiff came to him the evening of general training day and said he had lost his over-coat, that the over-coat was left there; the witness helped him look for it but could not find it; and witness did not know that the over-coat was ever found; that the plaintiff did not deliver to him an over-coat on the day in question; that witness was not tending bar that day; and took no over-coat from any person; that the plaintiff told the witness that he, the plaintiff, hung up the over-coat behind the front door and took witness and showed him the place where he hung it up.   The plaintiff then proved by another witness that the plaintiff took the great coat from home, on that day, and did not bring it back; and that it was worth $8 or $10.   The jury found a verdict for the plaintiff, for ten dollars, and the justice rendered judgment in his favor for ten dollars damages and four dollars costs of suit.   The defendant removed the cause into the court of common pleas, and that court reversed the judgment of the justice; and the plaintiff brought a writ of error.

*S. Monson,* for the plaintiff.

*Gordon & Edgerton,* for the defendant.

*By the Court,* MASON, J.   There is some conflict in the evidence in this case.   The witness John Follett testified that the plaintiff came into the defendant's tavern in Delhi, and took off his over-coat and gave it to the bar-keeper, and he thinks it

was Woodworth he gave it to; and that plaintiff then treated three or four persons at the bar, and he thinks Woodworth helped them to the liquor; while Woodworth testified that the plaintiff did not give him the over-coat; that on the contrary, the plaintiff told him that he himself hung it up behind the front door and took him and showed him where he hung it. It is well settled, by a long series of adjudications, both in this court and in the court of dernier resort in this state, that where there is a conflict of evidence upon a trial in a justice's court, so far as all questions of fact are concerned, the verdict of the jury in the justice's court is conclusive and cannot be reviewed elsewhere, however much the verdict may be against the weight of evidence. (12 *John.* 455. 1 *Cowen,* 251. 15 *Wend.* 492. 18 *Id.* 141. 21 *Id.* 305, 307. 1 *Hill,* 61. 3 *Id.* 75.) And where the facts which the evidence upon one side tends to establish would entitle the party to a judgment, if found in his favor, the judgment is conclusive, however clearly the jury may have found against the weight of the evidence. (*See cases above cited.*) But it is contended by the counsel for the plaintiff in error, that taking the strongest view which the evidence tends to establish, the case does not show any legal liability in the defendant to pay for the coat in question. It becomes necessary therefore to consider the case in this aspect; for this is the only view of the case which we are permitted to consider, under the adjudications, as we have already seen. It is insisted that the proof does not show that the plaintiff was a guest of the defendant. The answer to this argument is that the jury have found the fact that he was a guest, and the question therefore cannot be considered in this court, inasmuch as there was evidence from which the jury might have found the fact. The purchasing of the liquor was enough to constitute the plaintiff a guest. In the case of *Bennett* v. *Mellor,* (5 *T. R.* 273,) the plaintiff's servant had taken some goods to market at Manchester, and not being able to dispose of them went with them to the defendant's inn and asked the defendant's wife if he could leave the goods there till the following week, and she said he could not, for they were full of parcels. The

McDonald *v.* Edgerton.

plaintiff's servant then sat down in the inn, had some liquor, and put the goods on the floor immediately behind him, and when he got up, after sitting there a little while, the goods were missing. There was a verdict for the plaintiff for the value of the goods ; and on a motion for a new trial, the king's bench sustained the verdict, deciding that the plaintiff's servant was to be deemed a guest of the defendant. This case is considered, and the principle of the decision adopted, in 2 *Kent's Com.* 593. The case is also cited with approbation by the supreme court of this state, in *Clute* v. *Wiggins*, (14 *John.* 175.)

But it was said that it does not appear that the coat in question was lost before the plaintiff departed out of the house, and that therefore he is not to be considered as a guest at the time the loss occurred ; and consequently the defendant was not liable. There are two answers to this objection ; the one is the jury have found the fact, upon the evidence in the case, that he was a guest. The other is that it is fairly to be inferred from the evidence in the case that the plaintiff lost his coat before he started to leave the town to go home, and if he was only out to see the town or to view the training, intending to return to the defendant's before he left for home, and get his coat, then I think he was still to be considered as a guest of the defendant. It has been expressly adjudged that if the guest goes out to view the town for a while, intending to return, the inn-keeper is liable for his goods lost in his absence. (2 *Croke's R.* 189.) And so if he goes out and says he will return at night. (1 *Comyn's Dig.* 421, 413.) Justice Bronson, in the case of *Grinnell* v. *Cook*, (3 *Hill's R.* 490,) affirmed this doctrine in the following language : "Now when a man, after he has actually become a guest and delivered his property to the host, goes away for a brief period, leaving his goods behind him, the law is chargeable with no absurdity in considering him as still continuing a guest, so far as relates to the rights and liabilities of the parties." It is a familiar principle of law that it is not necessary that the goods should have been placed in the special keeping of the inn-keeper, in order to make him li-

McDonald *v.* Edgerton.

able. If he is a guest, and his goods are within, the inn, that is sufficient to charge him. (*Bennett* v. *Mellor,* 5 *T. R.* 273. 2 *Kent's Com.* 593, 594.) The learned commentator upon bailments describes the liability in the following language: "A delivery of the goods into the custody of the inn-keeper is not necessary to charge him with them; for although the guest doth not deliver them or acquaint the inn-keeper with them, still the latter is bound to pay for them if they are stolen or carried away; even though the person who stole them or carried them away is unknown." (*Story on Bailments,* § 479, *p.* 373.) If the goods are only placed *infra hospitium* that is enough.

It is not necessary, where the goods are proved to be lost, to prove negligence in the inn-keeper, to make him liable for the loss. (*Calye's case,* 8 *Co.* 32. *Bennett* v. *Mellor,* 5 *T. R.* 273. *Clute* v. *Wiggins,* 14 *John.* 177. 2 *Kent's Com.* 594, 3d ed.) There is nothing in the point that the plaintiff should have proved a demand. Where the goods are lost, no demand is necessary, nor where the bailee admits they are lost: this is enough. (1 *John. Cases,* 406.) But the jury must have found there was a sufficient demand. Again; the justice has not stated in his return that he has returned all the evidence given before him on the trial; and however much we might be inclined to presume in favor of official duty in the justice, we are not at liberty to do so in such a case, after what the court of dernier resort in this state have recently decided. They have held that if the return of the justice does not state that it contains all the evidence, they will presume that there is enough kept back to sustain the judgment. I am therefore of opinion, in the first place, that the common pleas erred in reversing the judgment of the justice, upon the evidence in the case; and secondly, that as the return does not state that all the evidence is returned, we are compelled to infer that there is enough kept back to sustain his judgment. The judgment of the common pleas must be reversed and that of the justice affirmed.

Judgment reversed.