## JOSEPH WILLARD v. JOHN REINHARDT.

Where the keeper of a public house, conducted principally for the accommodation of emigrants, received from on board ship, on arrival at this port, a man and his trunk of clothing, &c., and placed the latter, with other baggage, in the cellar of his house, where it was lost; held, that he was liable for the value, without proof of formal demand or of negligence.

Held, further, that a defendant, under such circumstances, having put the baggage in a place separate from the plaintiff's apartment, was liable, even though described in the complaint as the keeper of a "boarding house" only, and not as an "innkeeper."

The neglect of the defendant to comply with a notice to watch the entrance to

Willard *v.* Reinhardt.

the cellar at a time when it was opened for the reception of other baggage, held not to vary the plaintiff's liability.

A house for the reception and entertainment, principally of emigrants arriving at this port, and usually remaining only temporarily, held to be an "inn."

THE plaintiff, arriving at this port from Europe, went to a house kept by the defendant for the reception and accommodation principally of emigrants. His trunk was taken in charge by the defendant, who placed it in a cellar used as a receptacle for baggage.

The defendant gave the plaintiff notice that the cellar would be unlocked and open during a certain time, and advised him to watch for the prevention of loss by theft during such exposure. The plaintiff neglected this warning. Upon inquiring for his trunk it was not found. He then brought suit in the Marine Court, where he declared against the defendant as a "boarding house keeper," and the trial commenced with placing this description in the shape of an admission upon the record. The evidence, however, disclosed the character of the house.

The plaintiff had judgment without special proof of the defendant's negligence or of any formal demand. The defendant appealed.

*Frederick S. Stallknecht,* for the appellant.

*John E. Develin,* for the respondent.

BY THE COURT. DALY, J.—The defendant was an innkeeper. He kept a house of reception and entertainment for all comers, but more especially for the accommodation of that class of persons known as emigrants. This constitutes an inn. (Addison on Contracts, 728; *Thompson* v. *Lacy*, 3 B. & A. 283.) The distinction between a boarding house and an inn is this: In a boarding house, the guest is under an express contract, at a certain rate, for a certain period of time; but in an inn there is no express engagement; the guest being on his way, is entertained from day to day, according to his business, upon an implied contract, (Anthon's Law Student, 57,) which was the case here.

It was not necessary to prove negligence on the part of the defendant to maintain the action. He had taken charge of the trunk of the plaintiff, and locked it up, and was responsible for the loss, though occasioned by no negligence on his part. (*Clute* v. *Wiggins*, 14 Johns. 177.) The plaintiff was under no obligation to go, between noon and six o'clock, as requested, and watch his trunk while the cellar was open for the removal of baggage. The landlord had a lien upon the trunk, and was bound to take care of it.

The loss of the trunk was shown. The plaintiff went with the defendant's servant to the cellar to get it, and it was gone. Search was made for it, and it could not be found. This was sufficient to give the plaintiff a right of action. A formal demand was not necessary after that. He made a demand when he asked for his trunk. The cases cited by the defendant have no application. They were actions of trover, which were not maintainable without proof of a wrongful conversion.

Where there is sufficient evidence to support the finding of the justice upon the question of value, the judgment will not be disturbed. Such was the case here. There was testimony showing that the contents of the trunk were of greater value than the amount fixed by the justice.

WOODRUFF, J.—Under the circumstances proved, I think the defendants were liable, even if they be regarded simply as boarding house keepers, as they are *alleged to be* in the complaint. They had agreed to keep the trunk in their cellar separate from the apartment of the boarder. Its non-production, when called for, is *prima facie* sufficient to charge them with its value. They have shown no excuse which could exonerate them, even if the plaintiff be held to the description of their character given them by himself in the complaint. I agree, however, with Judge DALY, that they are innkeepers, and might have been declared against as such.

Judgment affirmed.