ISAAC MCDANIELS *v.* GEORGE W. ROBINSON.

*Inn-keeper.*

Leaving a horse with an inn-keeper does not render him liable, as such, for the keeping of a bag of gold or other dead property delivered to him by the owner of the horse during the time the horse is kept, if the owner is not personally a guest, and the delivery of the property is a distinct transaction, disconnected in consideration, and in fact, from the delivery and keeping of the horse.

ASSUMPSIT for $4,000, being two hundred double eagles, left with the defendant, as an inn-keeper. Plea, the general issue ; trial by jury, December Term, 1855,—PECK, J., presiding,

The plaintiff gave evidence tending to prove that from a time anterior to the 26th of February, 1851, until and after the 6th of March following, the defendant was keeping an inn, in Bennington; and that the plaintiff, on said first mentioned day, became a guest at said inn, and so continued until the said 6th of March, at night; and that on the 5th of March, about sunset, he delivered to the. defendant, within said inn, two hundred double eagles, in gold, to keep for the plaintiff through the night of said 5th of March.

The defendant gave evidence tending to show that said money was stolen from said inn, at some time during said night, by some person unknown, by a burglarious entry from without; with other evidence tending to show the degree of his care and vigilance in keeping said money.

The plaintiff claimed that the defendant held said money in the character and under the responsibilities of an inn-keeper.

The defendant gave evidence tending to show that the plaintiff, immediately after the defendant received said money, left said inn, lodged away from it that night, at his brother's, and that when he thus left he intended to terminate his *personal* stay at said inn, without any intention to return to it to receive any further meals or lodging in it; and that he did not return to it until after said loss. It appeared from the evidence of both parties, that the plaintiff brought with him to said inn, on his arrival there on the said 26th of February, 1851, a horse, harness, wagon and buffalo robe, which were then received by the defendant and put into the stables of said inn, and were kept there continuously by the defendant, from that time until the said 6th day of March, at night; and that the plaintiff returned to said house, as before stated, on the morning of said last mentioned day, after breakfast, and remained there until night, when he finally left said house, and took away his said horse, wagon, harness and buffalo robe.

The plaintiff claimed, and so requested the court to charge, that the continuance of said horse at said inn, as above stated, continued the plaintiff's relation as a guest at the inn, so as to charge the defendant, in his character as an inn-keeper, and not as a common bailee merely, for the safe custody of said money, notwithstanding the jury might find that the plaintiff was intending, at the time he so left said inn as aforesaid, and at the time of said loss, not again

McDaniels *v.* Robinson.

to return personally to said inn.   The court declined so to charge, but instructed the jury, in effect, that, although the keeping of the plaintiff's horse, under the circumstances detailed in the evidence, might render the inn-keeper liable, as such, for the security of the horse, and the appendages of the horse, a like liability would not necessarily thereby arise in relation to the money ; that if the jury should find that the plaintiff had intentionally determined his own stay at the inn, immediately after the delivery of the money, and before the loss, not intending to return to the defendant's house as a guest, intending from that time to take up, and had taken up his abode at his brother's, the fact alone that the horse of the plaintiff remained in keeping at the defendant's stable from February 26th to March 6th, did not make the plaintiff a guest of the defendant, so as to render the defendant liable, as inn-keeper, for the safe-keeping of the bag of gold, if the jury should find that the delivery of the bag of gold was a distinct transaction, disconnected in consideration, and in fact, from the delivery and keeping of the horse ; but that the fact that the horse was thus kept was evidence tending to show that the plaintiff had not thus intentionally abandoned the defendant's house, and terminated his connection with it as a guest.   To the refusal of the court to charge as requested, and to the charge, as above detailed, the plaintiff excepted.

*E. Edgerton* for the plaintiff.

*D. Roberts* for the defendant.

The opinion of the court was delivered, at the circuit session in June, by

BENNETT, J.   The principal question raised on this bill of exceptions is, was the money in the custody of the defendant, as innkeeper, at the time of its loss?   We are to take it for granted that the jury have found that the plaintiff had intentionally determined his own stay at the defendant's inn immediately after the money was left with him, and before its loss, not intending again to return to the inn as a guest, and that the delivery of the gold to the defendant was a distinct transaction, disconnected in consideration, and in fact, from the delivery and keeping of the horse.

It is claimed by the plaintiff's counsel, that the continuing liability of the defendant, as an inn-keeper, for the horse, harness, &c., rendered him liable, as inn-keeper, for the bag of gold, notwithstanding its delivery was a distinct transaction, and the determination of the plaintiff not to return again to the house personally as a guest. We apprehend that no one will question that, under the circumstances of this case, the defendant continued responsible, as an inn-keeper, for the horse. The horse was to be fed, and from this the inn-keeper had his profit; and it is not material, in this action, to inquire whether the inn-keeper continued also liable, as such, for the other property left with him at the same time; but we apprehend, as to the bag of gold, according to the finding of the jury, the relation of landlord and guest did not exist.

The leaving of the bag of gold in the custody of the defendant, had no connection with the original relation of landlord and guest between the parties; and when the money was lost, the plaintiff had ceased to be personally the guest of the defendant; and, indeed, we are to understand from the case, that when the plaintiff handed the gold to the defendant, he had made up his mind to leave the defendant's inn, not to return again to it, as a guest; and that he did immediately thereafter leave, with the intention not again to return; and in no proper sense could the plaintiff be said to be the *personal* guest of the defendant, at the time of the loss; and it would be going too far to hold that the leaving of the horse at the inn, under the circumstances of the case, made the plaintiff constructively a guest in relation to the bag of gold. It is well settled that, if a person leave at an inn, property from which the inn-keeper can derive no gain from its keeping, that is, *dead property*, as it is termed, and goes away himself, and it is stolen in his absence, he shall have no action against his host, as inn-keeper; for the reason that he was not a guest at the time, See *York* v. *Grindstone*, 1 Salkeld 388; *Gettey* v. *Cook*, Croke's James 183; 3 Bacon's Abridgement, Wilson's edition, p. 665, Title, Inn-keeper; *Grinnell* v. *Cook*, 3 Hill 435; *McDonald* v. *Edgerton*, 5 Barb. 560. In such a case, all that could be claimed would be to charge him as a bailee. It is clear that, if the leaving of the bag of gold with the defendant had been the beginning of the transaction, the defendant could not be charged for it, as inn-keeper, and

we do not see that, in principle, the case can differ. The bag of gold was *dead property*, giving to the defendant no right to make gain from its keep, as inn-keeper; and it had no connection with the cessation or continuance of the original relation of host and guest; and, to say that the leaving of the horse at the inn is to have an effect upon the capacity in which the defendant can be charged for the safe-keeping of the money, is to say what we cannot well understand.

Judgment affirmed.