SULLIVAN, Assignee, &c. *against* ALEXANDER and others.

Where, in the condition of a bond taken by the sheriff, on suffering a prisoner in execution to go at large within the limits

THIS was an action of debt brought by the plaintiff, as assignee of a bond taken by the sheriff of the city and county of New-York, on permitting *Alexander*, a prisoner, in execution, at the suit of the plaintiff, to go at large within the liberties of the gaol, pursuant to the statute. The *condition* of the bond,

the liberties of the goal, the sheriff added to the condition authorized by statute, "*that the prisoner should, at the request of the sheriff, again surrender himself to the prison*," &c. the bond was held void, as taken, *colore officii*, in terms not authorized by the statute.

as set forth in the declaration, was; "that if the said *Alexand*
should remain a true and faithful prisoner, and should not,
any time, or in any wise, escape, or go without the limits of t
liberties of the gaol of the said city and county of *New-Yor*
until discharged by due course of law ; and *should, at the requ*
*of the said James L. Bell, as sheriff aforesaid, surrender hims*
*to the said prison, then the above obligation to be void.*" Th
declaration alleged that *Alexander* escaped, and went beyo
the limits of the gaol liberties, &c. whereby the said bond b
came forfeited, &c.

The defendants, after craving *oyer* of the bond and conditio
pleaded, 1. *Non est factum.* 2. That the bond was not assig
ed by the sheriff to the plaintiff. 3. That *Alexander* did n
*escape*, &c. 4. A return again within the limits of the gaol li
erties, after the alleged escape, before suit brought. 5. Th
*Alexander*, after the alleged escape, and after the commenc
ment of this suit, was duly discharged under the act for givi
relief in cases of insolvency, passed the 12th *April*, 1813.
A *general demurrer* to the declaration, to which there was
joinder by the plaintiff.

*Slosson, T. A. Emmet*, and *Wells*, in support of the demu
rer. *(a)*

*P. A. Jay* and *D. B. Ogden*, contra.

The grounds taken in support of the demurrer, were,
That the condition of the bond was not conformable to the d
rections of the statute, but contained a further stipulation, th
the prisoner admitted to the limits of the gaol liberties, shou
at the request of the sheriff, surrender himself again to the pr
son. 2. That if the bond was not, on that ground, void, as r
spected the sheriff, yet this bond was not assignable, so that th
plaintiff could bring a suit in his own name, as the statute on
authorized a bond taken in the very form prescribed, to be a
signed.

SPENCER, Ch. J. delivered the opinion of the Court. Th
question is, whether the bond is void, as taken for matters n
authorised by statute, *colore officii*? The words which have bee
superadded to the condition, as authorised by statute, are, th
the defendant *A.* "shall, at the request of the said *J. L. B*
as sheriff aforesaid, surrender himself to the said prison," &

(a) The reporter did not hear the argument.

ALBANY,
August 1821.

KING
v.
LENOX.

his is a substantial and material part of the condition. In *Thompson* v. *Lockwood*, (15 *Johns. Rep.* 256.) we held, that the act relative to gaols, sess. 36. ch. 49. s. 6. (1 *N. R. L.* 429.) as to letting prisoners go at large within the limits of the liberties, was a mere modification and extension of the act concerning sheriffs, &c. (1 *N. R. L.* 418. 423. sess. 36. ch. 67. s. 13.) which renders void any obligation taken by the sheriff, by colour of his office, in any other form than is prescribed by the statute. *Beawfage's* case, (10 *Co.* 100.) *Kidwelly* v. *Brand*, (*Plowd.* 60. 68.) and *Rogers* v. *Reeves*, (1 *Term Rep.* 418.) are some of the many cases which show that such a bond is void. A mere verbal difference or departure from the provisions of the statute, will not render a bond to the sheriff void; but when there is a substantial variance, as if the sheriff adds to the condition that he shall be kept without damage against the king and the plaintiff, that will make the whole condition void. The sheriff, in this case, had no right to require the defendant, *Alexander*, to surrender himself to prison, at his request. He has a right to reimprison a defendant who has been admitted to the liberties of the gaol, in one case only; that is, when the sureties taken for the prisoner are insufficient; but the condition to his bond does not embrace that case. We are of opinion, therefore, that the defendants are entitled to judgment.

Judgment for the defendants.