BARTH *v.* CLISE, SHERIFF.

1. When a sheriff, in obedience to a writ of *habeas corpus*, makes a proper return and brings his prisoner before the court which issued the writ, the safe-keeping of the prisoner while he is before it is entirely under the control and direction of the court to which the return is made. The sheriff is accordingly not responsible for escape of the prisoner while thus in the custody of the court, and before a remand or other order placing new duties on him.

2. Where the record shows that the case of a plaintiff is inherently and fatally defective, a judgment against him will not be reversed for instructions however erroneous.

ERROR to the Circuit Court for the District of Wisconsin.

*Mr. G. W. Lakin, for the plaintiff in error ; Mr. M. H. Carpenter and M. M. Cothren, contra.*

Mr. Justice SWAYNE stated the case and delivered the opinion of the court.

The plaintiff in error sued Edward Brinkman, as survivor of his late partner, Smid, in the Circuit Court of Grant County, to recover a large sum of money alleged to be due from Brinkman, as such survivor, to the plaintiffs. After the institution of the suit the plaintiffs applied to the county judge of Grant County for a writ of *ne exeat* against Brinkman. The writ was accordingly issued and placed in the hands of Clise, the defendant in this action, as the sheriff of that county for execution. Pursuant to the writ, Clise arrested Brinkman, who, failing to give bail as required, was held in custody. A writ of *habeas corpus* was issued by the Honorable John T. Mills, the circuit judge of that circuit, directed to the sheriff of Grant County, whereby he was commanded to have before the judge, at Dodgeville, on the day therein specified, the body of Brinkman, with the cause of his imprisonment. Clise complied with this order. While the argument upon the writ of *habeas corpus* was in progress, Clise put Brinkman in the charge of Judge Dunn, one of his counsel, and absented himself. Before the argument was concluded, Brinkman fled to Canada and has not returned. The judge refused to take any further action in the case in the absence of Brinkman, and thus the proceeding terminated.

This action was brought by the plaintiffs in error against Clise for the escape of Brinkman. The cause was put at issue by the pleadings of the parties and was tried by a jury. A verdict was found and judgment rendered for the defend-

ant, Clise. The plaintiffs thereupon sued out this writ of error. It appears by the bill of exceptions found in the record that in two instances upon the trial evidence objected to by the plaintiffs was admitted and exceptions duly taken. The plaintiffs also excepted to the several instructions given by the court to the jury. It is insisted that each of these exceptions involves an error which is fatal to the judgment.

In the view which we have found ourselves constrained to take of the case it is unnecessary to consider either of them.

The bill of exceptions purports to contain *all the testimony.* The facts that the *habeas corpus* was issued and that the sheriff obeyed it by making the proper return and taking Brinkman before the judge who issued it, are fully proved. The testimony is uncontradicted. There is no controversy between the parties upon the subject.

By the common law, upon the return of a writ of *habeas corpus* and the production of the body of the party suing it out, the authority under which the original commitment took place is superseded. After that time, and until the case is finally disposed of, the safe-keeping of the prisoner is entirely under the control and direction of the court to which the return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of *habeas corpus.* Pending the hearing he may be bailed *de die in diem,* or be remanded to the jail whence he came, or be committed to any other suitable place of confinement under the control of the court. He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded.[*] We have not overlooked the statute of 31 Car. II. This doctrine has been recognized by this court.[†]

---

[*] The King *v.* Bethel, 5 Modern, 19; Bacon's Ab., Title "Habeas Corpus," B. 13; Anonymous, 1 Ventris, 330; Sir Robert Peyton's Case, Ib. 346; Hurd on Habeas Corpus, 324.

[†] In re Kaine, 14 Howard, 134.

The statute of Wisconsin upon the subject is in accordance with the common law. It provides:

"Until judgment be given upon the return, the officer before whom such party shall be brought may either commit such party to the custody of the sheriff of the county in which such officer shall be, or place him in such care or under such custody as his age and other circumstances may require."[*]

The entire responsibility for the safe-keeping of the prisoner under this statute rests with the officer before whom the prisoner is brought pursuant to the writ.

When Clise, as sheriff, produced the body of Brinkman before Judge Mills, Clise's duties as the custodian of Brinkman ceased, and this cesser could be terminated only by an order of the judge clothing him with new duties and responsibilities. No such order was made. The flight of Brinkman was, therefore, in no sense an escape from the custody of Clise. His custody by Clise, in the absence of an order from the judge, would have been false imprisonment. The act of Clise in putting Brinkman in the charge of Dunn was simply a nullity. He had no authority at that time to do any act or to give any direction touching the subject.

The plaintiffs in error, according to their own showing, had not the shadow of a right to recover in this action against Clise. Conceding, for the purpose of this opinion, that the court below erred in all the particulars complained of, the errors have done them no harm. Opposite rulings could not have helped them. Their case was inherently defective. The defect was incurable and inevitably fatal. When such a defect exists, whether it be or be not brought to the attention of the court below or of this court by counsel, it is our duty to consider it and to give it effect.[†] This is decisive of the case before us. The defendant in error is entitled to have the judgment affirmed, and it is

　　　　　　　　　　　　AFFIRMED ACCORDINGLY.

---

[*] Revised Statutes of Wisconsin, 908, § 23.

[†] Garland v. Davis, 4 Howard, 131; Roach v. Hulings, 16 Peters, 319; Patterson v. The United States, 2 Wheaton, 222; Harrison v. Nixon, 9 Peters, 483; Slacum v. Pomery, 6 Cranch, 221.