Boynton, Oh. J.
If from the conceded facts, the verdict and judgment ought to have been for the defendant, it is immaterial whether the instructions to the jury were correct or erroneous. Barth v. Clise, 12 Wall. 401. The contract required the excavation for the foundation, to be of- the depth of two feet under the whole vault, filled with lime or “ other good stone well cemented together so as to make a good substantial foundation for the vault.” This, we think, is the plain meaning of'the language as understood by the parties. That such excavation, and the foundation thus provided for, were not made, was conceded at the trial. It also appeared that the spaee in the front wall between the block of marble which was to bear the inscription, and the roof of the vault was filled with *55 four pieces of marble. The contract stipulated for but one. Here was a very material deviation from tbe terms of the agreement, and a deviation of such a character as to show a substantial non-compliance by the plaintiffs with the stipulation of the contract. Had these facts appeared on the face of the pe-' tition the case would have been so fatally defective as to have entitled the defendant to judgment on the pleadings:. Being admitted at the trial the same result must follow. The performance by the plaintiffs of the stipulations on their part is a condition precedent to payment by the defendant. The first installment was not to be paid until the vault was completed. Substantial completion is indispensable to the right to call upon the defendant to perform the stipulation to pay. No recovery can be had upon a quantum meruit, because, where the contract is express, none can be implied relating to the same subject matter. The principle that conditions precedent to the right to compensation for labor done, or materials furnished, must be substantially performed, in order to put the other party in default, is of universal application, admitting of no exceptions. But technical or unimportant omissions or deviations will not defeat recovery. In the case of Goldsmith v. Hand, 26 Ohio St. 101, the plaintiff’s recovery was sustained on the groundthat the work had been substantially completed according to the terms of the contract.
The judge in his opinion employs language which would lead to the inference that a different rule from the one above stated prevails in regard to building contracts, as respects the performance by the builder; and he cites in support of that view, Hayward v. Leonard, 7 Pick. 181. This case, however, in view of its peculiar facts, is not understood by the supreme judicial court of Massachusetts, as laying down any rule peculiar to building contracts. In Olmstead v. Beale, 19 Pick. 528, after stating the general rule to be, that, where under the contract, performance by one party is to precede payment by the other, no recovery could be had either upon the contract, or upon an implied assumpsit, where the precedent conditions were not performed, the court say, “ The cases of Hayward v Leonard, 7 Pick. 181, and Smith v. First Congr. Meeting-house *56 in Lowell, 8 Pick. 178, are neither incompatible with, nor exceptions to the rule. It will be found in these and other similar cases, that there was an express or implied assent to the deviations from the contract, or a substantial performance of it. The equitable principle which governs them, and which itself is of recent introduction, only extends to unimportant, accidental and unintentional deviations, which, from the differences of opinion, that so often exist, in relation to the exact requisition in the details of a special contract, had become indispensable to the administration of justice in such eases. Rut where there is an important and voluntary deviation or omission from the contract, the doctrine of Faxon v. Mansfield, 2 Mass. 147, will apply, and the contractor can have no remedy for the materials furnished and the services performed.” Indeed, it was said in Hayward v. Leonard, that, “ when we speak of the law allowing the party to recover on- a quantum meruit, or quantum valebant, where there is a special contract, we mean to confine ourselves to cases in which there is an honest intention to go by the contract, and a substantive execution of it, but some comparatively slight deviations as to some particulars provided for.” The right of the contractor to recover, upon failure to perform, in a case where performance was a condition of payment, by making a compensatory allowance for the loss to the owner resulting from non-performance by the contractor, was denied by the court of appeals of New York, in the very well considered case of Smith v. Brady, 17 N. Y. 173. It was there held that, “when, in a contract for the erection of a building on the land of another, performance is to precede payment and is a condition thereof, the builder having substantially failed to perform on his part, can recover nothing for his labor and materials, notwithstanding the owner has chosen to occupy and enjoy the erection.”
Comstock, J., in announcing the judgment of the court, said: “ The right to recover in such case has never been referred to any doctrine peculiar to such contract. On the contrary, if wo look at the adjudged cases, we shall find that the right, whenever asserted by judicial tribunals, has been supposed to result from a general doctrine applicable as well to other *57 contracts,” . . . and that “ there can be no injustice in imputing to the contractor a knowledge of'what his contract requires, nor in holding him to substantial performance.” . . . “ If he fails to perform when the requirement is plain, and when he can perform if he will, lie has no right to call upon the courts to make a new contract for him; nor ought he to complain if the law leaves him without a remedy.” The doctrine of this case 'was affirmed in Glacius v. Black, 50 N. Y. 145, where it was said, that although technical, inadvertent and unimportant omissions or defects, would not defeat recovery, substantial performance must be shown.
In the present case the deviation from the contract above mentioned cannot be regarded as slight or non-substantial. The defendant, as' the contract must be construed unaided by any light that extrinsic proof may have thrown around it, stipulated for a solid bed of stone, well cemented together, for a foundation for the vault; and for its front he stipulated for a marble slab or block for the space immediately below the roof, that would materially add to its beauty if not to its strength and durability. To the fulfillment of these stipulations he was clearly entitled. It is quite immaterial whether in the judgment of the plaintiffs or others, the structure, as ¿ompleted, was as durable as the one contracted for or not. It was the right of the defendant to consult his own judgment and taste and to provide for the construction of a vault that would best accord therewith; and having provided by the specifications of his contract for a foundation of a given character, and for one block of marble to fill the gable of the vault, he was entitled to a substantial compliance by the plaintiffs with the terms agreed upon, before he could be called upon to pay any part of the agreed compensation.
It is said, however, that during the progress of the work the attention of the defendant was called to the character of the material being used the manner of doing the work, and that he expressed Himself as satisfied therewith, and thereby waived a strict performance of the contract. There is no doubt that it was perfectly competent for the defendant to assent to any modification or change in the terms of the contract, and *58 that sucli assent, either express or implied, if acted on by the plaintiffs, would be binding upon the defendant Thurston v. Ludwig, 6 Ohio St. 1. But there was no modification or change in the terms of the contract pleaded. The petition counted upon the performance of the original contract. The answer, in effect, denied performance, and the issue thus raised was the' only one involved in the case.
A waiver, by one party to an agreement, of the performance of a stipulation in his favor, is not a performance of that stipulation by another. It is an excuse for non-performance, and as such should be pleaded. Palmer v. Sawyer, 114 Mass. 13. 2 Chitty on Pl. (7th Eng. ed.) 459.
An exception to this rule is said to prevail iii actions by an indorsee against the indorser of a promissory note, where evidence of a waiver of demand and notice is held admissible and sufficient to support an allegation that demand was made, and notice given. Harrison v. Baily, 99 Mass. 620; Pugh v. McCormick, 14 Wall. 374; 2 Greenl. Ev. § 197. See Myers v. Standart, 11 Ohio St. 29. Also, Burgh v. Legge, 5 M. & W. 418. But in other cases the rule prevails requiring the plaintiff to plead the facts necessary to establish the right to recover. And it is no. answer to a failure to plead the necessary facts to say that evidence tending to show a waiver was admitted, without objection; for let this be so, and still it was not the right of the plaintiffs under the issue to have the effect of such evidence determined by the jury. To entitle a party in such case to have the evidence considered as a matter of legal right, he should amend his petition. There is no doubt that-the court, in such a case, may properly direct the jury to find the fact according to the evidence admitted, and order the pleadings to be amended to conform thereto. But the power of the coui’t to admit the evidence and oi’der the amendment, and the right of a party to have the power exercised, are very different propositions. It certainly is not ex’ror for the court in its instructions to the juxy, to dix’ect them to consider sxxch evideixce only as x’elates to the issue made by the pleadings.
Nor did t-lxe court err inx’efusing to permit the witness, Coffin, to give his opinion, as a mechanic, as respects the kind of *59 a foundation for the vault the contract provided for. "W aiving the question as to his qualifications to speak as an expert, it is a sufficient answer to the claim, that in refusing to accept the advice of the witness as to what the contract meant, the court erred, to say, that the record does not disclose what opinion the witness would have expressed. To make the wrongful exclusion of evidence available to the party offering it, the record should show, affirmatively, what the evidence would have been, in order to determine whether prejudice to the party resulted from its exclusion. Gandolfo v. State, 11 Ohio St. 114; Oviatt v. State, 19 Ohio St. 573.
It is finally objected that the court erred in refusing to permit the plaintiffs to read in rebuttal the depositions of sundry witnesses relative to the character of the materials furnished for the vault. In excluding the depositions the court did not err. The answer, although specifically enumerating the particulars in which the work and material failed to conform to the contract, amounted only to a general denial of the averment of the petition, that the plaintiffs had performed the condition of the contract by them to be performed. It contained no new matter, and hence needed no reply. Simmons v. Green, 35 Ohio St. 104.
The burden of proof was on the plaintiffs. The attitude of the defendant was purely defensive. A party upon whom the affirmative of an issue devolves is bound to give all his evidence in support of the issue in the first instance, and he can only give such evidence in reply as tends to answer the new matter introduced by his adversary. Any. relaxation of this rule is but an appeal to the sound discretion of the court in which the issue is tried. This is the rule laid down in Graham v. Davis, 4 Ohio St. 362, and in its application to eases of this character needs but to be stated to secure assent to its correctness.
Judgment > affirmed.^