CANUTE R. MATSON, use, etc.,

*v.*

JOHN L. SWANSON *et al.*

*Filed at Ottawa January 21, 1890.*

· 1. PRACTICE—*defect in declaration—how availed of.* Where that attempted to be stated in a declaration is not a cause of action, advantage of the defect may be taken by motion in arrest of judgment; but where the cause of action is defectively stated, such motion will not avail. In the latter case, objection must be taken by demurrer.

2. SAME—*remandment, on reversal—to permit amendment of declaration.* Where the Appellate Court reverses a judgment of a trial court on the ground the declaration fails to state a cause of action, or is otherwise defective, it should remand the cause, so that the declaration may be amended, and a trial *de novo* had upon the amended declaration.

3. HABEAS CORPUS—*power and duty of the courts and judges to award the writ.* The Habeas Corpus act makes it the duty of circuit courts, and the judges thereof in vacation, upon proper petition, to issue writs of *habeas corpus*, and allows them, thereupon, to discharge from the custody of sheriffs, prisoners held by virtue of process from courts legally constituted, in certain enumerated classes of cases.

4. SAME—*precedence given to the writ.* The authority of all other writs must yield to the authority of the writ of *habeas corpus*. Therefore, from the moment the sheriff receives such writ, the custody of the petitioner will be by virtue thereof, and not under any other writs he may have previously received.

5. SAME—*admitting to bail—validity of the bond.* As a circuit judge is authorized by law to issue writs of *habeas corpus* and admit to bail, it follows, that a bond given by one under the order and direction of the judge, after the issue of his writ, for the appearance of the petitioner, and his abiding the ·order of the court, is not void, however erroneous it may have been to direct the taking of the same.

6. SAME—*continuance.* Under the statute, a case on *habeas corpus* not disposed of, will stand continued from term to term, without any · formal orders of court.

APPEAL from the Appellate ·Court for the First District ;— , heard in that court on appeal from the Circuit Court of Cook county ; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an action of debt, in the circuit court of Cook county. The declaration, omitting the caption, is as follows:

"Canute R. Matson, plaintiff in this suit, who sues for the use of John Carlson, by Allan C. Story, his attorney, complains of Henry Bodelsen, John L. Swanson and Charles A. Florence, summoned, etc., of a plea of debt. For that, whereas, on the 7th day of January, A. D. 1887, Henry Bodelsen, being then in the custody of Canute R. Matson, sheriff of Cook county, under a writ of *capias ad satisfaciendum* issued out of the circuit court of Cook county, in favor of John Carlson, against said Henry Bodelsen and Edward A. Gibbs, in the sum of $2000, and interest from May 12, 1882, and also $87.20, costs of suit, dated January 5, 1887, together with John L. Swanson and Charles A. Florence, appeared before the Honorable Lorin C. Collins, one of the judges of the circuit court of Cook county, and entered into a recognizance, in words and figures following, to-wit:

" '*Know all men by these presents*, that we, Henry Bodelsen and John L. Swanson, and Charles A. Florence, are held and firmly bound unto Canute R. Matson, sheriff of the county of Cook, in the State of Illinois, and to his successors in office, executors, administrators and assigns, in the penal sum of $4000, lawful money of the United States, for the payment of which sum we hereby jointly and severally bind ourselves, our heirs, executors and administrators.

" 'The condition of this obligation is such, that whereas, the said Henry Bodelsen has filed in the circuit court of Cook county his petition for a writ of *habeas corpus* to be released from arrest and imprisonment; and whereas, a writ of *habeas corpus* issued out of said circuit court, under the seal of said court, dated the 7th day of January, A. D. 1887, by which the sheriff of said county was commanded, without excuse or delay, to-wit, on the 10th day of January, A. D. 1887, at the hour of ten o'clock, to bring before the Honorable Lorin C. Collins, one of the judges of the circuit court of Cook county,

the body of the said Henry Bodelsen; and whereas, the said court did order that the said Henry Bodelsen be released from arrest and imprisonment on his giving bail in the penal sum of $4000, with John L. Swanson and Charles A. Florence as sureties, to the sheriff of said county, that the said Henry Bodelsen should be and appear before the Honorable Lorin C. Collins, one of the judges of said circuit court, on the 10th day of January, A. D. 1887, at ten o'clock A. M., and there answer any order which said court may or shall render against him.

" 'Now, therefore, if the above bounden Henry Bodelsen shall be and appear before said circuit court and Lorin C. Collins, one of the judges of said court, on the 10th day of January, A. D. 1887, at the hour of ten o'clock A. M., and at any time or times thereafter to which the hearing of said petition may be continued by the court, and then and there answer to and abide by any order which the said circuit court, or the said Lorin C. Collins, one of the judges thereof, shall make against him, then and in that case this obligation shall be void and of no effect, otherwise to be and remain in full force and virtue.

" 'Signed, sealed and delivered this 7th day of January, A. D. 1887.

HENRY BODELSEN, [Seal.]
JOHN L. SWANSON, [Seal.]
CHARLES A. FLORENCE. [Seal.]'

"And whereas, on the 7th day of January, A. D. 1887, the said circuit judge having so ordered the release of said Bodelsen by said sheriff, and the acceptance of said recognizance by said sheriff, the said recognizance was then and there so accepted, and said Bodelsen released from custody; and whereas, afterwards, to-wit, at the January term of said circuit court of Cook county, begun and held at the court house in the city of Chicago, in said county, on the third Monday of January, A. D. 1887, viz., on the day to which the said hearing was continued by said court, (February 12, 1887,) the said Henry

17.—131 ILL.

Bodelsen was three times solemnly called to answer to and abide by any order which the said circuit court or the said Lorin C. Collins, one of the judges thereof, should make against him, as in said recognizance set forth, and came not, nor any person for him, but therein failed and made default, and the said John L. Swanson and Charles A. Florence being each three times solemnly demanded that he or they bring the body of the said Henry Bodelsen into court, or that said recognizance would be declared forfeited, came not, nor any person for him or them, nor did he or they produce the body of the said Henry Bodelsen, but made default therein, which was taken and entered of record against the said Henry Bodelsen, John L. Swanson and Charles A. Florence, and their said recognizance declared forfeited,—whereby, and according to the form and effect of the said recognizance, an action has accrued to the said plaintiff for the use aforesaid, to demand and have of and from the said defendants the said sum of $4000; yet the said defendants, although often requested so to do, have not, nor has either of them, or any person in their behalf, as yet paid the sum of $4000 above demanded, or any part thereof, to the said plaintiff, but so to do have hitherto wholly refused, and still do refuse, to the damage of the plaintiff, for the use aforesaid, of $4000, and therefore he brings his suit," etc.

The defendants, Swanson and Florence, pleaded as follows:

"And the defendants, John L. Swanson and Charles A. Florence, by Condee & Rose, their attorneys, come and defend the wrong and injury when, etc., and say that they do not owe, nor does either of them, the said sum of money above demanded, or any part thereof, in manner and form as the plaintiff has above thereof complained against them, and of this they put themselves upon the country, etc.

"And for a further plea in this behalf, as to the first count of the said declaration, by leave of court first had and obtained, the defendants, Swanson and Florence, say that the supposed writing obligatory in the said first count of the said declaration

mentioned, is not their deed, nor is it the deed of either of them, and of this they put themselves upon the country, etc.

"And for a further plea in this behalf, leave of court being first had and obtained, the defendants, Swanson and Florence, say that the plaintiff ought not to have his aforesaid action against them, or either of them, because they say that the several supposed causes of action in the said declaration mentioned are one and the same, to-wit, the supposed cause of action in the first count of the said declaration mentioned, and not different causes of action, and that the said Henry Bodelsen was not in the custody of Canute R. Matson, sheriff of Cook county, under a writ of *capias ad satisfaciendum* issued out of the circuit court of Cook county, in favor of John Carlson, and against said Henry Bodelsen, in manner and form as alleged and set forth in the said first count of the said declaration, and of this the said defendants put themselves upon the country, etc.

"And for a further plea in this behalf, by leave of court first had and obtained, the defendants, Swanson and Florence, say that they ought not, nor ought either of them, to be charged with the said supposed writing obligatory, because they say that the said writ of *capias ad satisfaciendum* in the.first count of the said declaration mentioned, was not issued upon a judgment in favor of said John Carlson, and this the said defendants are ready to verify, wherefore they pray judgment if the plaintiff ought to have his aforesaid action against them, etc.

"And for a further plea in this behalf, by leave of court first had and obtained, the defendants, Swanson and Florence, say that the plaintiff ought not to have his aforesaid action against them, or either of them, because they say that in the action in which the *capias ad satisfaciendum* in the first count of the said declaration mentioned, issued, and under which the said Henry Bodelsen was held in the custody of the said Canute R. Matson, plaintiff, as sheriff of Cook county, and from which said custody the said Bodelsen was released upon giving the said

supposed writing obligatory in the said first count of the said declaration mentioned, no *fieri facias* ever issued against the property of the said Henry Bodelsen and Edward A. Gibbs, or against the property of either of them, and this these defendants are ready to verify, wherefore they pray judgment if the plaintiff ought to have his aforesaid action against them, etc.

"And for a further plea in this behalf, leave of court being first had and obtained, the defendants, Swanson and Florence, say that the plaintiff ought not to have his aforesaid action against them, or either of them, because they say that the said supposed writing obligatory was given upon and for a void and illegal consideration, in this, to-wit, that at the time of the execution and delivery thereof the said Henry Bodelsen was in the custody of Canute R. Matson, the sheriff of Cook county, in the State of Illinois, by virtue of a writ of *capias ad satisfaciendum* issued upon a certain judgment against said Bodelsen and others, in favor of John Carlson, by his next friend, Mons Carlson, rendered by the circuit court of Cook county aforesaid; that upon the execution and delivery of said supposed writing obligatory, said sheriff wrongfully and unlawfully released said Bodelsen from custody, and that said supposed writing obligatory was executed and delivered for the sole purpose of obtaining such wrongful release, and upon no other consideration whatsoever, and that, these defendants are ready to verify, wherefore they pray judgment if the plaintiff ought to have his aforesaid action against them, etc.

"And for a further plea in this behalf, leave of court being first had and obtained, the defendants, Swanson and Florence, say that the plaintiff ought not to have his aforesaid action against them, or either of them, because they say that at the time of the execution and delivery of the said supposed writing obligatory, the said Henry Bodelsen was in the custody of Canute R. Matson, the plaintiff, as sheriff of Cook county, as alleged in the first count of the said declaration, by virtue of an execution issued upon a judgment of a competent court of

civil jurisdiction, in favor of John Carlson, by his next friend, Mons Carlson, and that the said Matson, as sheriff aforesaid, released the said Bodelsen wrongfully and in direct violation of the laws of the State of Illinois, upon and in consideration of the execution and delivery of the said supposed writing obligatory, and that such illegal release was the only consideration for the execution and delivery of the said supposed writing obligatory, and this these defendants are ready to verify, wherefore they pray judgment if the plaintiff ought to have his aforesaid action against them, etc.

"And for a further plea in this behalf, leave of court being first had and obtained, the defendants, Swanson and Florence, say that the plaintiff ought not to have his aforesaid action against them, or either of them, because they say that the said supposed writing obligatory, in the first count of the said declaration mentioned, was given in contravention of the statutes of the State of Illinois, in this, to-wit, that at the time of the execution and delivery of the said writing obligatory the said Henry Bodelsen was in the custody of Canute R. Matson, sheriff of Cook county in the said State, by virtue of a writ of execution against the body of said Bodelsen, issued upon a certain judgment duly rendered by the circuit court of Cook county aforesaid, in favor of John Carlson, by his next friend, Mons Carlson; that upon the execution and delivery of the said supposed writing obligatory, said Matson, as such sheriff, wrongfully and unlawfully released said Bodelsen from custody, and that said supposed writing obligatory was executed and delivered for the purpose of obtaining such wrongful release, and upon no other consideration whatsoever, and this these defendants are ready to verify, wherefore they pray judgment if the plaintiff ought to have his aforesaid action against them," etc.

Demurrers were filed to all of the pleas, and the court sustained them as to all but the second plea, and as to that plea overruled the demurrer. Issue was joined on that plea, and

on the trial the jury found the plaintiff's debt to be $4000, and assessed his damages at $2737.58, and upon this, after overruling motion for new trial, the court gave judgment in the usual form. Errors were assigned upon this judgment, and the case was taken, by appeal, to the Appellate Court for the First District. That court entered judgment reversing the judgment of the circuit court, without remanding the cause. The present appeal is from that judgment.

Mr. FRED. W. STORY, and Mr. ALLAN C. STORY, for the appellant:

The bond was not in contravention of law. It was conditioned for Bodelsen's appearance until the *habeas corpus* proceedings were determined. Bacon's Abr. title "Habeas Corpus," b. 13; *King* v. *Bethel,* 5 Mod. 22; *Barth* v. *Clise,* 12 Wall. 400; Church C. 227, 526.

Although the prisoner was held on final execution, the court had the power to discharge for any one of the reasons named in section 22, chapter 65, of the Revised Statutes. *Ex parte Smith,* 117 Ill. 65.

No objection was made at the trial to the declaration, or the admission of evidence under it.

Messrs. CONDEE & ROSE, for the appellees:

The conditions of an obligation to save the sheriff harmless on his admitting persons to bail who are not bailable by law, are void. Bacon's Abr. title "Sheriffs, O.;" *Moore* v. *Allen,* 3 J. J. Marsh. 613; *Hardesty* v. *Price,* 3 Col. 556; *Packard* v. *Tisdale,* 50 Me. 376; *Mitchell* v. *Vance,* 5 T. B. Mon. 528; *Denny* v. *Lincoln,* 5 Mass. 385.

It is laid down as a general rule by the authorities, that pending the hearing on *habeas corpus,* the prisoner, on return of the writ, he being in court, is detained, not on the original warrant, but under the writ of *habeas corpus,* and being so held, may be bailed pending the hearing. Hurd on Habeas

Corpus, sec. 324; Church on Habeas Corpus, sec. 176; *In re Kaine*, 14 How. 134; *Barth* v. *Clise*, 12 Wall. 400.

In view of these authorities, we contend that until the return of the writ of *habeas corpus* Bodelsen was held under the *capias*, and being so held, the court had not the power to admit him to bail.

Mr. Justice Scholfield delivered the opinion of the Court:

The Appellate Court reversed the judgment of the circuit court, as we learn from its opinion, *(Swanson et al.* v. *Matson*, 31 Ill. App.) on two grounds: First, that the judgment of *Carlson* v. *Bodelsen* is not stated in the declaration; and second, that the bond declared upon is void.

However obnoxious the declaration may have been to demurrer on the first of these grounds, we are of opinion that ground is not tenable as an objection on motion in arrest. This objection is not, that that which is attempted to be stated is not a cause of action, but that a cause of action is defectively stated, and that can not be urged on motion in arrest of judgment. Gould's Pl. sec. 13, chap. 10, p. 496; 1 Chitty's Pl. (7th Am. ed.) 710; 2 Tidd's Pr. (4th Am. ed.) pp. 918, 919. Moreover, if the ruling of the Appellate Court rested on that ground alone, the record should have been remanded to the circuit court, in order that the declaration might be amended, and there be a trial *de novo* upon the amended declaration. Rev. Stat. 1874, chap. 110, sec. 59.

The reason expressed in the opinion, for which the bond is held to be void, is, there is no statute or common law authority for setting at liberty, temporarily, on any form of security, one in custody under valid final process in a civil case, except under the acts concerning insolvents. The statute of 23 Henry VI, chap. 9, recited in Bacon's Abr. title "Sheriff, O," and *Sullivan* v. *Alexander*, 19 Johns. 233, are cited in support of this position. The statute and the case referred to have reference exclusively to the action of the sheriff when acting of his own motion, and

have no reference to cases wherein he is acting under the direct orders of a court of competent jurisdiction, as is clearly apparent from an examination of them. But our "Habeas Corpus act" makes it the duty of circuit courts, and of the judges thereof in vacation, upon proper petition, to issue writs of *habeas corpus*, and allows them to thereupon discharge from the custody of sheriffs, prisoners held by virtue of process from courts legally constituted, in seven enumerated classes of cases. Rev. Stat. 1874, chap. 65, sec. 22.

The right to admit to bail after the return of the writ, pending the hearing, is conceded by counsel for appellees to be within the discretion of the court, but they insist that such right does not exist until after the return of the writ. But if there is power to issue writs of *habeas corpus* in certain cases, and power to admit to bail pending the hearing upon that writ, since, in this case, the petitioner was, by his petition, before the court, there was, at least so far as his rights were concerned, jurisdiction of the subject matter and of the person, and therefore, however erroneous the order to issue the writ of *habeas corpus* and admit to bail, it was not void; and the sheriff had no discretion, but was bound to obey the writ when he received it, and to admit the petitioner to bail when he tendered the prescribed bond. The moment the sheriff received the writ of *habeas corpus*, the custody of the petitioner by virtue of the writ of *capias ad satisfaciendum*, terminated, and his custody, by virtue of the writ of *habeas corpus*, began, because the authority of all other writs gives way and yields to the authority of that writ. The petitioner was not compelled to give bail, but he had the right to do so, under the order of the court, and he elected to avail of that right, and to be thereby relieved from imprisonment pending the hearing. When, therefore, the petitioner gave the bail, he was not held under the writ of *capias ad satisfaciendum*, but under the writ of *habeas corpus*, and so it was the act of the court in ordering the writ of *habeas corpus*, and not the act of the sheriff in admitting

him to bail, that released him from custody under the former writ. *In re Kaine,* 14 How. 133; *Barton* v. *Clise,* 12 Wall. 400; *Pomeroy* v. *Lappeus,* 9 Ore. 363; Hurd on Habeas Corpus, p. 324; 9 Am. and Eng. Ency. of Law, p. 200, and cases cited. And had the prayer of the writ, on the hearing of the *habeas corpus,* been denied, the petitioner would have been simply remitted back to the custody of the sheriff, under the writ of *capias ad satisfaciendum.* (*King* v. *Bethel,* 5 Mod. 22.) Our conclusion therefore is, that the bond is not void.

Counsel for appellees object that the bond was declared forfeited on the 12th of February, 1887, and that the record does not show that the *habeas corpus* was continued until that day. Under the statute, the case on the petition not having been disposed of, it was continued without any order of court, from term to term, until the forfeiture was taken. *Norfolk* v. *People,* 43 Ill. 11; *Stokes* v. *People,* 63 id. 489; *Gallagher et al.* v. *People,* 88 id. 335.

The judgment of the Appellate Court is reversed, and the judgment of the circuit court is affirmed. Appellant will recover all costs made in the Appellate Court and this court, and execution will issue therefor from this court.

*Judgment reversed.*