Sullivan,  }
Dec. 18, 1902.  }

## PETITION OF WILKINS & a.

Where the sureties upon the bail bond of a plaintiff in *habeas corpus* proceedings have been called and defaulted, the superior court has discretionary power to strike off the default at a subsequent term, upon a surrender of the body of the principal within such time as may be ordered.

PETITION, to be discharged as bail. Transferred from the May term, 1902, of the superior court by *Stone*, J.

Orison W. Page, having been arrested by the tax collector of

Newport and committed to jail for non-payment of taxes, applied to a justice of the superior court for a writ of *habeas corpus.* A hearing was had, and his petition was denied. Page excepted to the order, and the questions raised were reserved for the consideration of the supreme court. By order of court, he was admitted to bail pending the exceptions, and the petitioners became sureties for his appearance at the November term, 1901, of the superior court, and so from term to term until the case should be disposed of. At the November session, 1901, of the supreme court, his exceptions were overruled, and the decision was certified to the superior court on December 7, 1901. January 16, 1902, the November term of the superior court being then in session, Page and his sureties were called and defaulted. The petitioners did not know that the exceptions had been overruled, or that bail had been called and defaulted, until March 12, 1902. They went to the court-house on January 15 and 16, and sought admission so that they might be present if they were called, but were unable to gain an entrance on account of the number of people then in attendance at a murder trial. Page was ready to come, and his sureties intended to bring him into court and surrender him whenever he was regularly called; and they would have done so the day they were called and defaulted had they known the fact.

March 22, 1902, an action was brought in favor of the town of Newport against the petitioners upon their recognizance, which is now pending. The November term was not finally adjourned until the opening of the May term, 1902. At the May term this petition was entered, and after hearing the parties, the court ordered the default stricken off, upon the sureties coming into court, bringing with them the body of Page, and surrendering him to the sheriff at any time on or before the first day of the next term. To this order the town excepted.

*George R. Brown,* for the petitioners.

*Albert S. Wait,* for the town of Newport.

BINGHAM, J. There is authority for the proposition that the original process upon which a prisoner is held is suspended, and the custody of the officer upon that process terminated, from the moment he receives the writ of *habeas corpus* (*Matson* v. *Swanson,* 131 Ill. 255); and it is generally recognized that his authority thereunder is suspended upon the return of the writ of *habeas corpus* and the production of the body of the prisoner. "After that time, and until the case is finally disposed of, the safe keeping of the prisoner is entirely under the control and direction of the court to which

the return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of *habeas corpus*. Pending the hearing, he may be bailed *de die in diem*, or be remanded to the jail whence he came, or be committed to any other suitable place of confinement. . . . He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded." *Barth* v. *Clise*, 12 Wall. 400; *In re Kaine*, 14 How. 103, 134; *The King* v. *Bethel*, 5 Mod. 19, 22; Bac. Abr., Hab. Corp. (B) 13; 15 Am. & Eng. Enc. Law (2d ed.) 213, 214. And the common law in this respect does not appear to have been altered by our statute. P. S., *c.* 239, *ss.* 8, 13, 16, 18, 20. Therefore, the court or justice before whom the writ of *habeas corpus* was returnable had authority, upon the return of the writ and the production of the prisoner, to admit him to bail or otherwise provide for his custody pending the proceedings. As the court ordered him to recognize, it is presumed that the recognizance was taken in the name of the proper party; and the condition being broken, an action could be maintained in the name of that party, for the benefit of the creditor, to recover such damages as he may have sustained, not exceeding the penalty. *Matson* v. *Swanson*, *supra*; *Barth* v. *Clise*, *supra*.

Inasmuch as it is held that the creditor, where the original commitment is in execution of civil process, may be allowed the benefit of a recognizance so given, it would seem that it was analagous to and answered the purpose of bail given in a civil action on mesne process, and that the rights of the creditor to enforce it and of the sureties to be discharged therefrom were within the provisions of chapter 237 of the Public Statutes. But it is unnecessary to decide these questions, for the present case may be disposed of upon other grounds.

At the time the petitioners applied to be relieved from their default, the *habeas corpus* proceeding was upon the docket. Had it gone off the docket at the previous term of court, a motion to bring it forward would have been granted as a matter of course. *Russell* v. *Dyer*, 39 N. H. 528, 530; *Rice* v. *Holden*, 55 N. H. 398; *McIntire* v. *Carr*, 59 N. H. 207; *Abbot* v. *Renaud*, 64 N. H. 89; *Boody* v. *Watson*, 64 N. H. 162. Its presence upon the docket obviated the necessity of a motion to bring it forward.

It is admitted by counsel for the town in his brief, that at any time up to the opening of the May term, 1902, the petitioners could have surrendered their principal, and that the court, in the exercise of its " discretionary power, . . . would undoubtedly have . . . accorded them " their discharge. And no valid reason appears why the court at the May term could not make a like order, if justice

demanded it; for the statute under which the recognizance was taken confers upon the court authority to "make all decrees necessary to insure the attainment of the object of the writ, and enforce it upon the principles of equity." P. S., *c.* 239, *s.* 20.

Even if the default of the recognizance were a judgment upon which execution might have issued against the petitioners, the court for good cause, on notice and a hearing, had power to vacate it or make such order as justice required. *Moore* v. *Carpenter,* 63 N. H. 65; *Gilman* v. *Cate,* 63 N. H. 278, 285.

*Exception overruled.*

All concurred.