## IN THE MATTER OF MASU SUZUKI.

### July 7, 1909.

*Habeas corpus—Paramount authority of the writ—Authority of the court as to the custody of the prisoner:* A writ of *habeas corpus* supersedes all other writs under which the applicant may be held in custody. After the production of the applicant and until the case is disposed of, his safe-keeping is entirely under the control of the court to which the return is made.

*Same—Bail:* Any bail fixed by the officer or court making the arrest will not control the court to which return is made.

*Habeas Corpus:* Question of bail.

*F. W. Milverton* and *J .W. Cathcart,* Attorneys for Petitioner.

*R. W. Breckons,* United States District Attorney, for R. C. Brown, Inspector in Charge of the U. S. Immigration Station.

DOLE, J. The petitioner applied for a writ of *habeas corpus,* she being in the custody of the immigration officers of the port of Honolulu, under a warrant of arrest charging her with being found in a house of prostitution or found practicing prostitution within three years after her arrival in this country. Her counsel asked that she be released on bail. The district attorney asked that the amount of bail fixed by the Department of Commerce and Labor be adopted by this court, the amount being

five thousand dollars. Counsel for the petitioner asked that lower bail be fixed, arguing that five thousand dollars was unnecessary and excessive. The district attorney argued that the court should not vary the amount fixed by the Department of Commerce and Labor, that department having authority to fix bail, and that that authority having decided on the amount of bail, this court should follow its order.

A case of *habeas corpus* is in the nature of a new and independent proceeding and is not to be governed by the action of the court or authority under which the party seeking the writ of *habeas corpus* is arrested and held in custody.

"A writ of *habeas corpus* supersedes all other writs under which the commitment was made. The custody of the prisoner from then on is entirely under the control of the court issuing the writ or to which the return is made." 2 *Rose's Code of Fed. Proc.*, p. 1377, note b.

The Supreme Court of the United States has laid down a similar rule as follows:

" By the common law, upon the return of a writ of *habeas corpus* and the production of the body of the party suing it out, the authority under which the original commitment took place is superseded. After that time, and until the case is entirely disposed of, the safe-keeping of the prisoner is entirely under the control and direction of the court to which the return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of *habeas corpus*. Pending the hearing he may be bailed *de die in diem*, or be remanded to the jail whence he came, or be committed to any other suitable place of confinement under the control of the court. He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded. We have not overlooked the statute of 31 Car. II. This doctrine has been recognized by this court." *Barth v. Clise, Sheriff,* 79 U. S. (12 Wall.) 400, 402.

This rule appears to have no exception except that provided in the act of May 5, 1892 (27 Stat. L., chap. 60, p. 25), which

denies bail to a Chinese person seeking to land in the United States who may apply for a writ of *habeas corpus.*

Other authorities on this point are referred to in the following citations:

*Ex parte Tom Pong,* 108 U. S. 556, 559-560;

*2 Foster's Fed Prac.* (3rd ed.), sec. 367, p. 845;

*Hurd on Habeas Corpus* (2nd ed.), p. 319-320.

The Eighth Amendment to the Constitution of the United States provides that " Excessive bail shall not be required."

This court desires to act with comity toward other official authorities of the United States and feels that there is no departure therefrom in differing from the action of such authorities which may be related to proceedings before this court, when the requirements of justice and constitutional right require a different action. It is almost inevitable that officials situated in Washington, or other parts of the mainland, should sometimes fail to take a correct view of conditions in these islands as affecting their decisions as to what is reasonable bail for a prisoner held in custody here, and it is the duty of this court, no matter what may be the conclusions of such authorities, to act in reasonable accordance with the conditions here in coming to a conclusion upon such question.

It is the opinion of this court that a bail of five thousand dollars for this petitioner in this court is excessive. Counsel for the petitioner, and even the district attorney, though opposing a different award of bail from that fixed by the Department of Commerce and Labor, admits that such bail is excessive. It is therefore my duty under such a conviction to award such bail as may seem reasonable to this court and to give this petitioner an opportunity of liberty without the obstacle of what is termed "excessive bail" by the Constitution.

I consider that bail of one thousand dollars is sufficient under the circumstances and fix her bail in that amount.