**UNITED STATES ex rel. Alfred J. ACKERMAN**

v.

**COMMONWEALTH OF PENNSYLVANIA.**

Civ. No. 13687.

United States District Court
W. D. Pennsylvania.

Aug. 16, 1955.

Marjorie H. Matson, Pittsburgh, Pa., for relator, Alfred J. Ackerman.

James F. Malone, Jr., Dist. Atty. and Wendell G. Freeland, Asst. Dist. Atty., Pittsburgh, Pa., for respondent.

MARSH, District Judge.

The relator, a state convict, in his petition for a writ of habeas corpus asks that he be admitted to bail pending disposition of the proceeding. At the hearing on the rule to show cause, the relator was permitted to produce evidence in support of his application for bail. From that evidence we make the following

### Findings of Fact

1. The relator, Alfred J. Ackerman, is a citizen of the United States and a resident of the County of Allegheny in the Western District of Pennsylvania, where he has resided for 62 years.

2. The prisoner is being detained in the custody of the Warden in the hospital at the Western State Penitentiary in this District by virtue of an order of the Court of Quarter Sessions of the Peace of Allegheny County under the authority of the Act of 1919 P.L. 356, § 1,[1] transferring him to said hospital from the Allegheny County Jail, where he had been committed on March 4, 1955, pursuant to judgment rendered in the said Court of Quarter Sessions on January 8, 1954, at Nos. 162 May Sessions, 1953, 293 March Sessions, 1953 and 165, 130, 122, 41, 53, 62 and 105 May Sessions, 1953.

3. The relator is suffering from advanced diabetes which has seriously affected his vision and caused or contributed to ulcerated feet and ankles; a right inguinal hernia, sclerosis, hemorrhoids, poor circulation, gastro intestinal disorders, bladder trouble and neuritis. Relator's heart is normal for a man of his age.

4. The relator is now practically blind in his left eye, his vision therein being since the beginning of his incarceration 2/200; at the beginning of his incarceration his right eye was 8/200, is now 4/200 and is progressively deteriorating.

5. During the trial, pending the appeal and during his incarceration, the relator has been and is now emotionally upset; he was described by a psychiatrist as a "character disorder, passive agressive. He is legalistic in his thinking and is trying desperately to manipulate his environment. He accepts no limits."

6. The relator will probably become totally blind if he remains confined in the Penitentiary hospital and his mental condition continues. On the basis of the testimony of Dr. Irving J. Morgan, I find as a fact that if he is released on bail pending ultimate decision in this habeas corpus case, he has a fair probability of retaining the residual sight in his right eye during his freedom on bail. Dr. Morgan testified to the effect that due to the relator's emotional upset, his liver pours excessive sugar into his blood

1. Purdon's Pa.Stat.Ann. tit. 61, § 81 (1930).

which in turn is responsible for the rapid progress of the diabetes and the rapid deterioration of his vision.

## Discussion

It is contended vigorously by the Commonwealth that this court cannot admit a state convict to bail pending disposition of a habeas corpus proceeding. The relator just as vigorously contends that the court has the inherent power to grant bail in habeas corpus proceedings regardless of whether the relator is a state convict, and that in this case it should be exercised because of the extraordinary circumstances.

The matter resolves itself into two questions: the first is one of jurisdiction, the second is one of power.

■ The question of jurisdiction is easily settled. This court may issue a writ of habeas corpus to any state prisoner if "[h]e is in custody in violation of the Constitution * * * of the United States". 28 U.S.C.A. § 2241(c) (3). (1952) That this encompasses prisoners held by the states has been well settled since Ex parte Royall, 1886, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868. This has been reasserted by the Court of Appeals for the Third Circuit in United States ex rel. Elliott v. Hendricks, 3 Cir., 1954, 213 F.2d 922, 924ff, certiorari denied, 1954, 348 U.S. 851, 75 S.Ct. 77, in which the attorneys general of forty states participated in opposing jurisdiction.

■ The petition before me sets forth sufficient facts on its face to establish, if subsequently found to be true, that the relator was deprived of "due process of law" under U.S.Const. Amend. XIV in the state courts. This court, therefore, had the jurisdiction to issue the rule and compel the relator to be produced before the court.

The extent of this court's control over the prisoner is a question of power rather than of jurisdiction. See Principe v. Ault, D.C.N.D.Ohio 1945, 62 F.Supp. 279, 282. This means that the authority to release on bail is also a question of power rather than of jurisdiction. Ibid. We are of the opinion that when Congress extended the jurisdiction of the federal courts to issue the writ of habeas corpus to state prisoners and to "dispose of the matter as law and justice require," [28 U.S.C.A. § 2243 (1952)] it authorized the same exercise of power by the courts over these state prisoners that they had always exercised. Therefore, the extent of this power must be determined.

In determining this power reference has been made to the common law. This aids the courts in determining the extent of the broad grant of power given to them by Congress.

"By the common law, upon the return of a writ of *habeas corpus* and the production of the body of the party suing it out, the authority under which the original commitment took place is superseded. After that time, and until the case is finally disposed of, the safe-keeping of the prisoner is entirely under the control and direction of the court to which the return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of *habeas corpus.* Pending the hearing he may be bailed *de die in diem,* or he remanded to the jail whence he came, or be commited to any other suitable place of confinement under the control of the court. He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded." Barth v. Clise, 1871, 12 Wall. 400, 402, 20 L.Ed. 393.

This doctrine was first recognized by the Supreme Court in In re Kaine, 1852, 14 How. 103, 134, 14 L.Ed. 345 and reasserted in Stallings v. Splain, 1920, 253 U.S. 339, 342, 40 S.Ct. 537, 64 L.Ed. 940. It has recently been applied by a district court in Artukovic v. Boyle, D.C.S.D.Cal. 1952, 107 F.Supp. 11, 15.[2]

2. Cf. In re Gannon, D.C.E.D.Pa.1928, 27 F.2d 362.

Revised Rule of the Supreme Court of the United States No. 49, 28 U.S.C.A. provides that pending review of a decision discharging a rule to show cause why a writ of habeas corpus should not be granted, "the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, *or enlarged upon recognizance with surety*, as to the court in which the case is pending, or to a judge or justice thereof, may appear fitting in the circumstances of the particular case." (Emphasis added.) The rule further provides that "[p]ending review of a decision discharging a prisoner on habeas corpus, he shall be enlarged upon recognizance, with surety, for his appearance to answer and abide by the judgment in the appellate proceedings * * *." It would be highly inconsistent to hold that a district court *may* release an applicant on bond after refusing the writ, and *shall* release him after granting it, but *cannot* release him while the court has the merits of the proceeding under advisement.

■ I am persuaded that if the relator may be admitted to bail under Rule 49 *after* an adverse decision on the merits, *a fortiori* while the decision is pending. The Supreme Court has obviously recognized the existence of an inherent power in the court issuing the writ or rule to admit the relator to bail. And consequently, under the special circumstances here existing, justice requires the relator's remaining eyesight be preserved if possible pending an ultimate decision as to whether he is under a legal or illegal custody. We need not, of course, emphasize that if the relator eventually fails on the merits, he will be remanded absolutely to the custody of the appropriate state officials.

State authorities have long been highly sensitive to federal courts barging in, as it were, on their domain. See United States ex rel. Elliott v. Hendricks, supra, 213 F.2d. at page 928. It is equally true that most federal judges, having more than sufficient work to do, would be extremely happy if they could be relieved of this unpleasant jurisdiction which Congress has thrust upon them. But having been given the duty and being reminded of its beneficent utility,[3] it is our intention to perform this duty to the best of our understanding.

### Conclusions of Law

1. A federal District Court has power to release a state prisoner on bail pending adjudication of a habeas corpus proceeding.

2. The relator, Alfred J. Ackerman, should be released on bail in the sum of $10,000 pending determination of the rule to show cause why the writ of habeas corpus should not issue.

Appropriate orders have been entered.

3. Two recent cases in which the writ has been granted in Pennsylvania are: United States ex rel. Thompson v. Dye, 3 Cir., 1955, 221 F.2d 763: a murderer sentenced to death in Allegheny County; United States ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F.2d 815, 33 A.L.R. 2d 1407, certiorari denied 1953, 345 U.S. 904, 73 S.Ct. 639, 97 L.Ed. 1341: a murderer sentenced to death in Philadelphia.