**UNITED STATES of America,
Appellee,**

v.

**John Frederick VIGER, Appellant.**

No. 75–3253.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1976.

Ronald J. Meltzer (argued), of Koenigsberg, Brown, Sinsheimer, Stone & Meltzer, Seattle, Wash., for appellant.

Jack Meyerson, Asst. U. S. Atty. (argued), Seattle, Wash., for appellee.

OPINION

Before CHOY and KENNEDY, Circuit Judges, and WONG,* District Judge.

WONG, District Judge:

Appellant Viger appeals from his judgment of conviction that he did "aid and assist the escape of Alan Bruce Long, a person committed to the custody of the Attorney General; said custody being pursuant to convictions for violations of the law of the United States," in violation of 18 U.S.C. § 752. We affirm.

Appellant contends that at the time of his escape, Long was no longer in the custody of the Attorney General; accordingly, one of the essential elements alleged in the indictment was missing.

Prior to February 5, 1975, Long was incarcerated in McNeill Island Federal Penitentiary at Steilacoom, Washington, as a convicted felon under the laws of the United States. On February 5, 1975, a writ of *habeas corpus ad testificandum* was issued by the United States District Court for the Western District of Washington, commanding the warden of McNeill Island Federal Penitentiary to produce Long before the Grand Jury of the District Court in Seattle on March 18, 1975. The return of the writ indicated that pursuant thereto, Long was transferred to King County Jail at Seattle, Washington, on March 14, 1975.

Long appeared before the Grand Jury on March 19, 1975, was granted immunity and ordered to testify. He answered several preliminary questions, refused to answer further questions and was warned of a possible citation and sentence for contempt, but still refused to

---

* Honorable Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

testify. On April 4, 1975, the District Court ordered Long to show cause as to why he should not be held in contempt as a recalcitrant witness and confined until such time as he was willing to testify. A date was set for such hearing. Prior to the hearing, Long escaped from King County Jail. Viger was convicted by a jury of having aided and assisted in the escape.[1]

Appellant contends that when Long was transferred from McNeill Island Federal Penitentiary to the King County Jail pursuant to the writ, commitment to the custody of the Attorney General or a facility by his direction ended. He argues that the writ had the effect of superseding the commitment made under the earlier conviction until the writ proceedings were terminated, citing *Barth v. Clise,* 79 U.S. (12 Wall.) 400, 20 L.Ed. 393 (1870); *Stallings v. Splain,* 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920); and *Johnston v. Marsh,* 227 F.2d 528 (3d Cir. 1955).

We find these cases clearly distinguishable. In the instant case, Long was transferred originally from McNeill Island to King County Jail. King County Jail although not a federal facility, had a contract with the United States Department of Justice for the housing of Federal prisoners at all times pertinent to this case. When Long was taken to the District Court to testify before the Grand Jury, the custody under the Attorney General may have been superseded with the court then taking control and direction of the body. *See Barth, supra, Stallings, supra,* and *Johnston, supra.* When he was returned to the King County Jail after the Grand Jury proceeding, however, at the very least temporary custody was restored to the Attorney General. The escape by Long was therefore from the custody of the Attorney General. *Tucker v. United States,* 251 F.2d 794 (9th Cir. 1958); *see United States v. Hobson,* 519 F.2d 765 (9th Cir. 1975).[2]

Appellant's further contention that the indictment was fatally deficient for failing to allege an essential element of the offense of escape, namely, intent to avoid confinement, we find to be without merit.

Affirmed.

---

1. The ingenuity and the execution of the escape plan are somewhat reminiscent of a Gilbert and Sullivan operetta. Appellant Viger and Long enlisted the aid of Long's cellmate, a John Brown, and the latter's wife. Mrs. Brown was furnished with the sum of $1,000, with which she posted bail for the release of Brown. When the prison guard went to the holding cell to release Brown, Long, dressed in Brown's clothing, stood up and identified himself as Brown. Under the mistaken impression that Long was Brown, the prison authorities permitted Long to stroll freely out of prison. Long went across the street to a restaurant where Mrs. Brown was waiting. After he spoke with her, Mrs. Brown returned to the prison and inquired why it was taking so long to have her husband released. She was informed that he had already been released. She answered that that was not so; that the wrong man must have been let out. She left and upon her subsequent return was informed that Brown would be detained because he had helped Long escape.

2. *See also United States v. Hall,* 451 F.2d 347 (4th Cir. 1971). Defendant was convicted for escape from the custody of the Attorney General under 18 U.S.C. § 751(a). He had escaped from the Ohio County Jail in West Virginia after he had been taken there pursuant to a federal Writ of Habeas Corpus Ad Prosequendum. The appellate court stated: "The crime for which Hall was convicted includes escape 'from any custody under or by virtue of any process issued under the laws of the United States by any court [or] judge * * *.'[3] Since Hall was in custody under a federal Writ of Habeas Corpus, he has violated this express provision of the statute."

Footnote 3 in *Hall* refers to 18 U.S.C. § 751(a). The cited statutory language curiously does not appear in 18 U.S.C. § 752(a), the section under which Viger was indicted and convicted.